UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
<u>EASTERN DIVISION</u>

| | |
|---|---|
| LASHAWNDA YOUNG,<br>   Plaintiff,<br><br> v.<br><br>CITY OF CHICAGO;<br>And Unknown Chicago Police<br>Officer(s)<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>) |

## COMPLAINT

NOW COMES Plaintiff LASHAWNDA YOUNG, by and through her attorney, H. Candace Gorman, and complaining of the Defendants CITY OF CHICAGO and Unknown Chicago Police Officers (DOEs 1-10, hereinafter DOEs), states as follows:

## INTRODUCTION

This action arises out of the Death of Divonte Young, which was caused by Unknown Chicago police Officers and is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Decedent's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331, venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted herein occurred within the district.

## BACKGROUND

2. At all relevant times, Divonte Young was a United States citizen and an individual residing in the state of Illinois. As further described below, the unarmed Divonte Young was shot and killed by unknown Chicago police officers.

3. Plaintiff LaShawnda Young was and is a citizen of the United States, residing in the state of Illinois. Plaintiff LaShawnda Young is the Mother of decedent, Divonte Young.

4. The City of Chicago is a municipal corporation operating and existing within the State of Illinois. The City of Chicago is responsible for the acts of its employees while acting within the scope of their employment, and is responsible for the policies, practices, and customs of the Chicago Police Department. Ms. Young is informed and believes and thereon alleges that each of the defendants designated collectively as "DOEs" is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of the DOEs, inclusive, and each of them, are not now known to Ms. Young who therefore sues said defendants by such fictitious names, and Ms. Young will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.

5. At all times herein mentioned, DOEs, were and, upon information and belief, now are, each duly appointed peace officers and ranking officers and employees of defendants CHICAGO POLICE DEPARTMENT and the CITY OF

CHICAGO, and qualified and acting under color of law, and as the employee, agent and representative of every other defendant.

## FACTS

6. On the morning of August 9, 2012, Divonte Young, was walking to a convenience store located on 63rd street near Honore, in Chicago, Illinois. Divonte Young was twenty years of age.

7. At all times relevant to this action Divonte Young was unarmed.

8. As Divonte Young approached the intersection of 63rd and Honore in Chicago, an unknown individual began to fire gun shots.

9. Divonte Young fled southbound away from the shots, through an empty lot across the street from the intersection.

10. At the time that Divonte Young was fleeing from the sound of gunfire, an unmarked Chicago police vehicle was parked on the east side of Honore Street near the corner of 63rd street, facing southward.

11. As Divonte Young fled, an unknown plainclothes officer of the Chicago Police Department (hereinafter "CPD") stepped out of the unmarked car, stood on the running board of the vehicle and began shooting at the unarmed Divonte Young hitting him in the back.

12. The unknown plainclothes CPD officer never identified himself as a police officer and never warned the unarmed Divonte Young to halt or "freeze" but instead continued shooting in the direction of Divonte Young until the young man fell to the ground.

13. After the unknown plainclothes CPD officer finally stopped shooting his gun at the unarmed Divonte Young, the officer went into his vehicle, obtained his bullet-proof vest, put his bullet proof vest on and then displayed his Chicago police badge to the people gathering on the street.

14. Several other Chicago police cars arrived within minutes after Divonte Young was shot, but not one officer attempted to offer or obtain first aid for Divonte Young as he lay dying on the ground.

15. Divonte Young was severely wounded by the shots, obtained comfort from a family friend who ran to his aid and died a short time later after complaining that he was having trouble breathing.

16. The shooting and killing of the unarmed Divonte Young by the unknown Chicago Police officer was excessive in the extreme.

17. The unknown Chicago Police officers left Divonte Young's body uncovered in the heat of August for several hours while they conducted an "investigation."

18. The CPD has refused to provide any information from its investigation into the incident, including the name(s) of the police officer(s) involved in the shooting and the names of the police officers who failed to intervene and provide medical attention to Divonte Young.

19. The City of Chicago maintains a de facto policy, practice, and custom of failing to properly train, supervise, discipline and control its officers, which was the moving force behind the unjustified shooting and death of Divonte Young.

20. Municipal policymakers have long been aware of the City's policy and practice of failing to properly train, monitor and discipline its police officers.

## CLAIMS UNDER 42 U.S.C. § 1983

21. Each of the forgoing paragraphs is incorporated as if restated fully herein.

22. The conduct of defendants constituted excessive force in violation of the United States constitution.

23. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Divonte Young's constitutional rights.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that: (a) as a matter of policy and practice, the Chicago Police Department encourages the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

25. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct described in this action by failing to adequately punish and discipline prior instances of similar misconduct, effectively condoning such behavior on the part of Chicago police personnel.

26. As a matter of practice so prevalent as to amount to municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Ms. Young in this complaint on a frequent basis.

27. At all times herein, each and every unknown defendant had the legal duty to intervene but failed to do so.

28. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

29. As a result of Defendant officer's unjustified and excessive use of force, failure to intervene and the City of Chicago's policy and practice, Ms. Young has suffered injury and emotional distress, including the loss of society and the companionship of her son.

WHEREFORE, Plaintiff, LaShawnda Young, respectfully requests that this Court enter judgment in her favor, and against Defendants, awarding compensatory damages, including funerary expenses, punitive damages against each and every individually named defendant, as allowable under the law, as well as any further relief this Court deems just and appropriate. Plaintiff also seeks costs and attorneys' fees against the Defendants.

## JURY DEMAND

Plaintiff, LaShawnda Young, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure on all issues so triable.

Respectfully Submitted,

/s/H. Candace Gorman

Attorney for Young

For LaShawnda Young,

H. Candace Gorman
Law office of H. Candace Gorman
220 S. Halsted
Suite 200
Chicago Illinois 60661
312-427-2313