# LAW OFFICE OF H. CANDACE GORMAN

H. Candace Gorman                                               312.427-2313
hcgorman@igc.org                                       (FAX) 312.427-9552

August 31, 2016

Jackson Lewis
150 N. Michigan, Suite 2500
Chicago Il. 60601
Attn: Patrick Rocks and Elan Shpigel
Via email: Patrick.Rocks@jacksonlewis.com
               Elan.Shpitel@Jacksonlewis.com

                         Re: COURT ORDER in re IPRA/Young v. Chicago
                         13 C 5651

Dear Counsel,

    This is in response to your letter dated August 29, 2016 in which you complain about the fact that I changed the date for compliance with the subpoena. When I sent the first letter to you on August 26, 2016 I read the body of your disclosure letter and only skimmed the materials. I thought from reading that letter that IPRA was complying with the subpoena. I did not realize the flagrant violation of the Court's Order until I did a more in depth review of the materials on August 27, 2016. After conducting that review it was clear that IPRA was far from complying with the Court's order and it would be a waste of my time to provide additional time to IPRA. I have not been proved wrong.

    I have also reviewed the materials that you have sent me over the past few days and it is clear that IPRA is refusing to send me responsive materials. I can only assume IPRA has given me the same file three times so that it can tell the court that it provided thousands of pages of

documents. Although I do not know the full depth of IPRA's responsive materials because they are in IPRA's hands not mine-- the emails that you did send confirm that there are other relevant materials, including but not limited to, notes and memoranda that IPRA continues to refuse to provide to me. I will give you a few examples. These are only examples but they exemplify the problem of IPRA's noncompliance.

- In an email dated August 9, 2012 at 5:18 pm Scott Ando sent an email to Alderman Balcer informing the alderman about the shooting earlier that day. According to that email IPRA had identified two potential witnesses and was in the process of interviewing them at that very moment. Also according to that particular email, updates would be sent to the SAO as the investigation continued. I have not seen the notes from the interviews of those potential witnesses and I have not seen any updates from IPRA to the SAO.

- In an email dated August 10, 2012 at 6:36:56, from Mr. Ando to Alderman Foulkes, Mr. Ando stated that IPRA identified and interviewed witnesses. I have not seen notes from interviews during that time frame. In fact, I have seen absolutely no notes from Mr. Ando relating to his involvement in the investigation although he stated in emails that he was personally involved. Surely if IPRA had interviewed witnesses during this time frame someone took notes?

- In another email dated September 28, 2012 at 9:43:16 from Amezaga to Corley et al, Amezaga noted that she found her notes from the MCR (major case review) and the DNA testing might not have been submitted. I have not received Amezaga's notes from that meeting or the notes from any of the other IPRA participants. This was actually an issue

raised in my motion with the Court and it is indeed troubling that no IPRA employee has turned over notes from that important meeting.

- In a separate email from Amezaga to the Illinois State Police on January 9, 2013 at 1:31:32 a request was made for a copy of the case review Summary by IPRA to be sent by either fax or email. I have not received that summary.

    I point these out as examples. I feel quite certain as I continue to comb through these emails I will note other materials that have not been submitted. In addition, I feel confident that there are other notes, memoranda, internal and external communications that have not been discussed in the few emails that I have received and which were also not tendered. Again, the subpoena served on IPRA on May 6, 2016 requested:

> "the complete investigative file for the incident that occurred on August 9, 2012 resulting in the death of Divonte Young including, but not limited to, *all investigative documents, internal communications, external communications, emails, notes (including recordings) and facsimiles.*" (Emphasis added.)

    Since the Judge was not holding Court this week I saw no reason to move for compliance until it was closer to her return date but it is clear from what your client has tendered that IPRA is ignoring the very clear parameters of the subpoena as ordered by the Court. In addition, despite my request on Monday that you immediately tell me whether or not IPRA is willing to comply with the Court's order your client has failed to respond to that simple question and the materials that have been tendered show an utter lack of concern with compliance.

Very Truly Yours,

*H. Candace Gorman*