# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LaShawnda Young, Independent Administrator for the estate of Divonte Young, | ) ) ) | |
| | ) | Case No. 13-cv-5651 |
| Plaintiff, | ) | |
| | ) | Hon. Joan B. Gottschall |
| vs. | ) | |
| | ) | |
| The City of Chicago, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**IPRA'S SURRESPONSE TO PLAINTIFF'S REPLY IN SUPPORT
OF HER AMENDED MOTION FOR RULE TO SHOW CAUSE**

The Independent Police Review Authority ("IPRA"), by its attorney Patrick J. Rocks of Jackson Lewis P.C., submits, subject to leave of this Court, this surresponse to Plaintiff LaShawnda Young's ("Plaintiff") reply in support of her Amended Motion for a Rule to Show Cause ("Reply") [ECF 161].

## INTRODUCTION

This surresponse addresses three issues in the Reply: (1) resolution of issues IPRA previously understood were contested, but are not; (2) inaccurate information; and, (3) new arguments.

## I. PLAINTIFF'S REPLY RESOLVES KEY ISSUES RELATED TO THE STATUS OF THE YOUNG INVESTIGATION AND THE SCOPE OF THE SUBPOENA

When IPRA filed its Response to Plaintiff's Amended Motion for a Rule to Show Cause ("Response") [ECF 156] on November 9, 2016, it understood two material issues to be disputed by IPRA and Plaintiff (the "Parties"). Specifically, IPRA understood Plaintiff to disagree with IPRA's position regarding when IPRA's investigation of the death of Divonte Young (the "Young

1

Investigation") was closed. IPRA's position is that the Young Investigation opened on August 9, 2012 and closed on January 3, 2014. (IPRA Ex. A: Original Affidavit of Claudia Silva dated November 9, 2016 ("Original Affidavit"), ¶ 7) [ECF 156-1, Ex. A]. Until Plaintiff filed her Reply on November 27, 2016, IPRA understood Plaintiff to contend that the Young Investigation was still open or had been reopened. (Response, p. 14 f. 9). In the Reply, however, Plaintiff recognized that the Young Investigation is closed and that the subpoena issued by Plaintiff to IPRA (the "Subpoena") [ECF 149-1] does not seek documents related to an open investigation.

> **a.** **Plaintiff Agrees the Young Investigation "has been closed for years" and that the Subpoena only seeks records related to a closed file**

Plaintiff previously asserted that the Young Investigation had been reopened. (Response, p. 14 f. 9). In the Reply, Plaintiff emphatically agreed with IPRA that the investigation is in fact closed: "It is also important for this Court to be aware of the fact that *the investigation in this case has been closed for years. Plaintiff is not seeking an open investigation file*. The documents which IPRA refuses to turn over from *this long closed file* include documents that could very well shed light on why an important fact in this investigation changed from the preliminary report to the final report." (Reply, p. 12) (emphasis added). The Reply confirms once and for all that Plaintiff is only looking for records created while the Young Investigation was open.

The fact that the Young Investigation is closed frames the period in which documents responsive to the Subpoena could have been created: August 9, 2012 to January 21, 2014, at the latest. (Response, p. 2). This period begins with the date the Young Investigation began, includes the date the investigation was closed (January 3, 2014) and ends with the date IPRA posted a redacted summary report of the Young Investigation on its website (January 21, 2014). (Original Affidavit, ¶¶ 7-9). Any records created after the closure date and the posting of the redacted

summary report on IPRA's website, by definition, are not responsive to the Subpoena on the basis of date alone, independent of the fact that the documents are substantively non-responsive.

IPRA has contended from the onset that the Subpoena asked for IPRA's investigative file (and other investigative documents) in the Young Investigation. Plaintiff now agrees in her Reply: "The subpoena is clear on its face." (Reply, p. 2). This agreement is significant because it narrows the scope of the dispute to three questions:

1. Has IPRA made reasonable efforts to produce responsive records?

2. Are drafts of the final summary report protected by the deliberative process privilege?

3. What is the best way to satisfy Plaintiff that the emails and attachments which IPRA has deemed non-responsive are, in fact, non-responsive?

With respect to the first question, the record shows the scope of IPRA's search, the production of responsive records, and IPRA's contention that it is not aware of reasonable investigative options that would result in the discovery of other responsive records. (Original Affidavit, ¶¶ 27-39). The second question is addressed in the Response (Response, pp. 11-12) and in IPRA's discussion of Judge Edmond Chang's order in *Holmes v. Hernandez et al.*, No. 14 C 8536, 2016 U.S. Dist. LEXIS 167209 (N.D. Ill. Nov. 21, 2016), *infra* at 6-11. IPRA's proposal regarding sampling of non-responsive records resolves the third issue; that proposal is discussed in the Response (Response, pp. 13-14) and in IPRA's correction of Plaintiff's misunderstanding or mischaracterization of its proposal in this surresponse, *infra* at 4-6.

## II.      PLAINTIFF'S REPLY INCLUDES INACCURATE INFORMATION

### a.      Plaintiff provides inaccurate information regarding the timing of IPRA's compliance and the responsive documents currently being withheld by IPRA

In the Reply, Plaintiff stated that she filed the original Motion for a Rule to Show Cause (the "Original Motion") [ECF 143] on August 15, 2016.  (Reply, p. 3).  In fact, the Original Motion was filed on September 15, 2016.  [ECF 143].  In addition, contrary to Plaintiff's assertions, IPRA made substantial efforts to comply with the Subpoena prior to September 15, 2016.  (Original Affidavit, ¶¶ 10-35).  Plaintiff also repeatedly argued that IPRA is withholding pertinent documents (Reply, pp. 2, 4, and 6), but did not provide a basis for that contention beyond the fact that IPRA is claiming the deliberative process privilege applies to five documents (three drafts of the final summary report and two related emails).  (Reply, pp. 4 and 6-7; Response, Ex. K, ¶ 6).  Finally, Plaintiff argues, without foundation, that IPRA is hiding "other critical discovery under the guise of privilege."  (Reply, p. 4).  The only documents IPRA has identified as responsive and privileged are the five records described above and in IPRA's privilege log, which are being withheld pursuant to the deliberative process privilege.  (Response, p. 6).

### b.      Plaintiff presents  inaccurate information related to IPRA's proposed e-discovery solution

Plaintiff mischaracterizes IPRA's efforts to resolve the e-discovery dispute that is preventing the Parties from finding a practicable way to address Plaintiff's concern that IPRA may not have identified all of the responsive materials captured in IPRA Attorney Claudia Silva's ("Silva") e-mail search.

First, contrary to Plaintiff's assertion, IPRA has reviewed the 972 emails and attachments captured in the email search requested by Silva for responsiveness, and it has produced the emails and related attachments deemed responsive to the Subpoena.  (Response, p. 5).  What IPRA has

not done, to date, is prepare a privilege log for non-responsive material. (Response, p. 14). IPRA contends there is no point in preparing or litigating a privilege log for non-responsive documents. Thus, the first task should be to determine whether Plaintiff agrees with IPRA's determinations regarding responsiveness.

Second, Plaintiff contends IPRA's proposal requires her to make random selections. (Reply, p. 4). In fact, IPRA has not imposed any constraints on Plaintiff's selection of records for further discussion (other than reasonableness, of course). (Response, p. 4). On November 11, 2016, in a renewed effort to resolve this issue, IPRA provided a spreadsheet that reported the 972 records captured in Silva's email search, including the number assigned by the DTI Global software (for identification purposes), the date and time of the email, the subject line from the email, the sender and recipient, the title of the document (if any), the record type (email or attachment), the file extension (.eml, .xls, .pdf, .doc, etc.) and the number of pages. (IPRA Ex. L: Supplemental Silva Affidavit at ¶ 10; Ex. Q). In the November 11, 2016 letter, IPRA also explained, again, that some of the emails were privileged communications between attorneys representing the City of Chicago and IPRA (these communications can be identified by reviewing the email addresses of the senders and recipients) and that other records were protected by the deliberative process privilege and the attorney-work product doctrine. (Ex. L at ¶ 10; Ex. Q).

IPRA invited Plaintiff to select a reasonable number of files from the list so that the parties could focus their discussions on records in which Plaintiff had expressed interest. (Ex. L at ¶ 10; Ex. Q). For example, Plaintiff presumably is not interested in reviewing thousands of pages of lists of IPRA cases. Or, if she is, a description of the document, or a sample of a few pages from such lists, assuming they are not privileged, should be sufficient to confirm those records are not responsive. This process also would allow the Parties to address privilege issues on a much smaller

scale and at the same time provide sufficient information to assure Plaintiff the records are not responsive. And, if Plaintiff identifies documents she contends are responsive but have not been produced, the scope of that dispute and any associated privilege issues would be much narrower than the issues before the Court today. Plaintiff did not respond to the November 11, 2016 communication and has not selected documents for further review to date. (Ex. L at ¶ 11). Nor did Plaintiff refer to the November 11, 2016 communication in the Reply.

Third, Plaintiff's argument that IPRA is seeking to assert privilege after the fact misconstrues the proposal. Even if Plaintiff selects a record IPRA believes is privileged, the Parties should be able to agree on responsiveness without requiring IPRA to waive a privilege or create a privilege log. IPRA contends the emails and attachments that have not been produced (other than the five records discussed above) are not responsive to the Subpoena in the first place and therefore not "subpoenaed information" pursuant to Federal Rule of Civil Procedure 45 ("Rule 45"). The privilege, therefore, could not possibly have been waived. *See* Rule 45(e)(2)(A) ("A person withholding subpoenaed information under a claim that it is privileged . . . must expressly make the claim . . . .") (emphasis added).

Plaintiff's solution regarding records that IPRA has deemed non-responsive apparently is to produce the entire set of records captured in Silva's search, not because they are responsive to the Subpoena, but because production would allow Plaintiff to satisfy herself that IPRA's determination regarding responsiveness is correct. That solution, however, is impracticable because it would force IPRA to compile a privilege log for hundreds of nonresponsive records, and potentially provoke a costly, burdensome, and unnecessary dispute over a large number of materials that are not by any stretch "investigative documents" associated with the Young Investigation.

## III.    PLAINTIFF'S REPLY INCLUDES NEW ARGUMENTS

### a.    Judge Chang's decision in *Holmes v. Hernandez et al.*, is distinguishable

Plaintiff, in the Reply, cites to Judge Chang's decision in *Holmes v. Hernandez et al.*, No. 14 C 8536, 2016 U.S. Dist. LEXIS 167209 (N.D. Ill. Nov. 21, 2016), in order to argue that the documents IPRA has withheld pursuant to the deliberative process privilege should be produced. (Reply, pp. 10-11 and 13). Judge Chang's decision in *Holmes* is distinguishable from the instant case, largely because Plaintiff has not established a particularized need to review the drafts of the final summary report in the Young Investigation.

### i.    The drafts of the final report in the Young Investigation do not show that the description of the locations of Young or Watts or the investigator's conclusions were changed by an administrator

Judge Chang held that IPRA established a prima facie basis for protecting summary reports pursuant to the deliberative process privilege, but that the plaintiff in *Holmes* had established a particularized need for limited access to those reports. *See Holmes*, 2016 U.S. Dist. LEXIS 167209, at *5-*29. In the Reply, Plaintiff tries to piggy-back on that order by arguing that IPRA administrators altered the description of the relative locations of Officer Otis Watts ("Watts") and the decedent Divonte Young ("Young") in the final summary report in the Young Investigation.

The argument should be rejected for the absence of supporting evidence. But in the alternative, the argument also fails on the merits. It appears Plaintiff is referring to an initial IPRA status report dated August 10, 2012. That report was included in the investigative file produced to Plaintiff on July 8, 2016. (Ex. L at ¶¶ 3-4). The report included this qualifying statement: "The following report *is preliminary and involves multiple levels of hearsay*. It was provided by the OCIC [On Call Incident Commander] to R/I [reporting investigator] during a walk-through of the incident." (Ex. L at ¶¶ 3-5; Ex. M) (emphasis added). In contrast, the final summary report, which

also was produced on July 8, 2016, included information from IPRA's interview of Defendant Watts and documents obtained during the Young Investigation. (Ex. L at ¶¶ 3-5; Ex. N).

The obvious explanation for differences in the two reports is that the preliminary report described hearsay information obtained shortly after the shooting and the final summary report described information obtained by IPRA directly during the Young Investigation. Moreover, a brief *in camera* review of the disputed drafts would show, contrary to Plaintiff's assertions in the Reply (Reply pp. 7, 11, and 12), that former IPRA chief administrator Scott Ando's ("Ando") edits did not alter the description of the locations of Watts and Young at the time of the shooting or change the investigator's conclusions. To the contrary, *in camera* review would show Ando's edits are not relevant to the claim Plaintiff now purports to make about alleged disagreements between administrators and investigators. (Reply, p. 11).

An *in camera* review of these documents is appropriate to confirm the documents are not relevant. *See, e.g., United States v. Farley*, 11 F.3d 1385, 1387, 1390-1391 (7th Cir. 1993) (holding deliberative process privilege protects documents from disclosure after *in camera* review revealed documents were not relevant to claim of party seeking disclosure); *Sandholm v. Dixon Pub. Sch. Dist. No. 170*, No. 09 C 50119, 2010 U.S. Dist. LEXIS 22032, *2, *9-10 (N.D. Ill. Mar. 10, 2010) (holding that, in age discrimination and procedural due process case, documents protected from disclosure under deliberative process privilege after *in camera* review showed that documents did not address Plaintiff's age and did not establish whether due process rights were violated); *Bobkoski v. Board of Educ.*, 141 F.R.D. 88, 93 (N.D. Ill. 1992) (ordering *in camera* review to determine if documents protected by deliberative process privilege); *EEOC v. G K G INC.*, 131 F.R.D. 553, 556 (N.D. Ill. 1990) (holding documents protected from disclosure under

deliberative process privilege after *in camera* review showed production of the documents would not provide any pertinent factual material that had not already been provided).

Plaintiff has not articulated any reason to suspect that an IPRA administrator overruled a contrary opinion by an IPRA investigator in the Young Investigation. Likewise, Plaintiff's speculation that an IPRA investigator may have written a non-concurrence report in the Young Investigation is not supported by the record. (Original Affidavit ¶¶ 12-40; Ex. L at ¶ 13). In summary, Plaintiff has not shown a particularized need for these documents and related communications.

ii. **Release of the draft reports and related communications would have a chilling effect that outweighs the claimed need for disclosure**

In order for the deliberative process privilege to apply there are two steps. First, IPRA must show that the privilege applies to the documents it is withholding. Second, after IPRA meets its burden, Plaintiff must show a "particularized need" for the documents in question. *See Holmes*, 2016 U.S. Dist. LEXIS 167209, at *7. IPRA previously filed an affidavit of Sharon Fairley ("Fairley"), IPRA's Chief Administrator, detailing how the deliberative process privilege applies to the documents it is withholding. (Response, pp. 11-12; Ex. K). As previously noted, Judge Chang, after analyzing a similar affidavit from IPRA, held that drafts of IPRA summary reports are subject to the deliberative process privilege. *Id* at *8-*13.

The question in this case, therefore, is whether Plaintiff has demonstrated a "particularized need" sufficient to tip the balance against the deliberative process privilege and in favor of disclosure. In analyzing this balancing test, courts consider a number of factors, including the relevance of the documents to the litigation and the degree to which disclosure would chill future deliberations within the government agency. *See id*., at *13-*14.

Plaintiff's entire argument regarding her particularized need centers around a false assumption that the documents IPRA is holding show Ando altered the description of the locations of Watts and Young and changed the investigator's conclusions. (Reply, pp. 10-13). As explained above, an *in camera* review will show that no such changes were made to the report in the Young Investigation. In *Holmes,* Judge Chang concluded that the draft summary reports <u>may</u> show that supervisors ordered reports to be edited in an "officer-friendly" fashion. *See id*., at *16. In this case, however, an *in camera* review will show that no such officer-friendly changes were made.

Moreover, the chill on future IPRA deliberations resulting from the compelled production of such documents is real. Judge Chang observed that there is a danger that compelled disclosure of these draft summary reports could "impede the candor of IPRA pre-decisional discussions in the future." *See id*., at *26-*27 (*citing Guzman v. City of Chicago,* No. 09 C 7570, 2011 U.S. Dist. LEXIS 1730 (N.D. Ill. Jan. 7, 2011), in which Judge Charles Kocoras held that "requiring the production of communications among IPRA investigators and their supervisors constitutes an intrusion that would seriously hinder the frank discussion that governmental decisions deserve and would jeopardize the integrity of the investigation"). In addition, Plaintiff recognized in the Reply that disclosure of these documents would have at least some chilling effect on future IPRA deliberations. (Reply, p. 13) (relevant section of Plaintiff's Reply titled "Chill on Deliberations Will Be Minimal").

Most importantly, in this case Fairley set forth in her affidavit a specific explanation of how disclosure of these drafts would chill future deliberations within IPRA. Fairley states in her affidavit that open, collaborative discussions between IPRA investigators and supervisors are critical to IPRA's investigatory process, and that releasing these drafts would chill such

discussions, thereby hindering the development of well-written and evidence-based final reports. (Response, pp. 11-12; Ex. K, ¶ 9(c)).

Plaintiff, in the Reply, does not rebut Fairley's testimony, but instead makes a general policy argument, stating: "Knowing that their deliberations, through documents such as the draft summary reports, can be reviewed by the citizens of Chicago could actually result in a more transparent organization. If supervisors know that their strong arming of an investigator to turn the tide towards exonerating violent police officers will be public knowledge, that practice could be minimized." (Reply, p. 13). Plaintiff's policy argument does not change the fact that the deliberative process privilege applies to IPRA draft summary reports and related communications, that Plaintiff has not established a particularized need for the drafts and related communications in this case, and that their forced disclosure would have a chilling effect on IPRA's future deliberations.

Plaintiff's other argument against the chilling effect likewise misses the mark. Citing to *Holmes*, Plaintiff notes Judge Chang's observation that the chilling effect is lessened by the fact that IPRA generates internal non-concurrence memoranda in some cases. (Reply, p. 13). As noted above, however, there is no evidence that a non-concurrence memorandum was written in the Young Investigation. (Original Affidavit ¶¶ 12-40; Ex. L at ¶ 13). The fact that IPRA generates non-concurrence memoranda in some cases is irrelevant to the Young Investigation. What is more, in *Holmes*, Judge Chang explicitly noted that any chill also would be tempered by the fact that the draft reports were, for the time being, being produced for "attorneys' eyes only." *Holmes*, 2016 U.S. Dist. LEXIS 167209, at *27-*28. In this case, Plaintiff is explicitly demanding that the production of the draft reports and related communications in the Young Investigation not be restricted to "attorneys' eyes only" (Reply, p. 13 f. 3).

An *in camera* review of the documents withheld in this case will confirm that Plaintiff's concerns regarding "officer-friendly" changes to the draft summary reports are unfounded. While Plaintiff has shown no particularized need, the chilling effect on IPRA's investigatory process that would result from the production of these documents is real. The Plaintiff's arguments for disclosure having been rebutted, the chilling effect outweighs any need for disclosure.

**b. Plaintiff's new argument concerning litigation hold notices is unavailing**

On September 30, 2016, IPRA sent Plaintiff copies of litigation hold notices it had issued to current and former IPRA employees, including copies signed by two current employees. (Ex. L at ¶ 6; Ex. O). IPRA identified these individuals as potential custodians of information related to the Young Investigation. (Ex. L at ¶ 6). Plaintiff did not complain that IPRA should have sent litigation hold notices to additional employees or former employees until she filed the Reply almost two months later. (Reply at pp. 11-12; Ex. L at ¶ 8). After learning of Plaintiff's contention, IPRA sent litigation hold notices to additional current and former IPRA employees and produced copies of those notices to Plaintiff, including notices signed by current employees. (Ex. L at ¶ 9; Ex. P).

Plaintiff also complained in the Reply, for the first time, that she did not receive additional signed litigation hold notices after September 30, 2016. (Reply, pp. 11-12). First, this complaint is misplaced because the Subpoena does not call for copies of litigation hold notices. Second, IPRA confirms it received signed notices from two former employees; copies were sent to Plaintiff on December 8, 2016. (Ex. L at ¶¶ 7 and 12; Ex. R). Third, because IPRA does not control former employees, it can only ask them to comply with its requests. Therefore, Plaintiff's request for an order compelling IPRA to "tender signed 'litigation hold' documents" (Reply, p. 14) should be denied.

## IV.     CONCLUSION

In the Reply, Plaintiff requests that the Court enter an order stating: "IPRA is required to immediately make available, directly to Plaintiff's counsel, all of the documents generated relating to the investigation of the incident that occurred on August 9, 2012 that resulted in the death of Divonte Young without the attachment of any privilege." (Reply, p. 14). As the extensive discussions between IPRA and Plaintiff show, IPRA believes it has provided this material, with the exception of five records subject to the deliberative process privilege. Because Plaintiff does not provide a basis to conclude that IPRA is withholding other responsive material, the order Plaintiff seeks would compel IPRA to produce records it already has produced.

The proposed order would not resolve the dispute over non-responsive emails because those documents were not "generated relating to" the Young Investigation. Those documents were "generated" months, and in some cases, years after the Young Investigation was closed and for other purposes, and Plaintiff agrees that the Subpoena does not request them if they are not responsive.

IPRA has a genuine interest in bringing the question of its compliance with the Subpoena to a close. IPRA has made good faith efforts to identify and produce all non-privileged documents it has discovered that are responsive to the Subpoena, and has attempted to respond in good faith to all of Plaintiff's concerns throughout this process. Despite IPRA's efforts, it is possible, in the course of discovery, that other responsive records will be discovered. That is the purpose of Federal Rule of Civil Procedure 26(e), which requires parties who respond to Federal Rule of Civil Procedure 34 requests to timely supplement their responses. In this instance, Plaintiff proceeded under Rule 45, but because Plaintiff asserts she requested the same material under Rule 34, and

because IPRA is a City department, not a separate entity, Rule 26(e) provides an opportunity to supplement if additional responsive materials are discovered.

For these reasons and for the reasons stated in its Response, IPRA respectfully requests that the Court deny Plaintiff's motion and grant the relief outlined in IPRA's Response (Response, p. 15).

Respectfully submitted,

**INDEPENDENT POLICE REVIEW AUTHORITY**

By:/s/ Patrick J. Rocks_____
     One of Its Attorneys

Patrick J. Rocks
Jackson Lewis P.C.
150 N. Michigan, Suite 2500
Chicago, IL 60610
(312) 787-4949
patrick.rocks@jacksonlewis.com

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LASHAWNDA YOUNG,                     )
                                     )
          Plaintiff                  )
                                     )
     v.                              )          Case No. 13-cv-05651
                                     )          Hon. Joan B. Gottschall
CITY OF CHICAGO, et al.,             )
                                     )
          Defendants                 )

## SUPPLEMENTAL AFFIDAVIT OF CLAUDIA SILVA

The undersigned affiant states as follows:

1. On November 9, 2016, I executed an Affidavit in connection with the City of Chicago's Independent Police Review Authority's ("IPRA") Response to Plaintiff's Amended Motion for Rule to Show Cause in the above-captioned case, electronically filed as document # 156-1, Exhibit A (the "Original Affidavit"). As used herein, Subpoena has the meaning ascribed to it in the Original Affidavit.

2. This Affidavit is meant to supplement the Original Affidavit.

3. As noted in Paragraph 13 of the Original Affidavit, IPRA originally provided a partial production of documents to Plaintiff LaShawnda Young ("Plaintiff") on July 8, 2016.

4. For the sake of clarity, as noted in Paragraph 33 of the Original Affidavit, on August 29, 2016, IPRA attorney Elan Shpigel ("Shpigel") sent a letter to Plaintiff's attorney together with bates stamped documents. Included in the bates stamped documents Shpigel sent with this letter were documents bates stamped IPRA_0000217-IPRA_0000219 and IPRA_0001231-IPRA_0001236, which documents were originally produced to Plaintiff's attorney in the aforementioned July 8, 2016 production.

5. The documents bates stamped IPRA_0000217-IPRA_0000219 are attached hereto as Exhibit M. The documents bates stamped IPRA_0001231-IPRA_0001236 are attached hereto as Exhibit N.

6. On September 30, 2016, IPRA attorney Patrick Rocks ("Rocks") sent Plaintiff's attorneys litigation hold notices issued by IPRA to eight former IPRA employees and two current IPRA employees, including copies of the litigation hold notices signed by the two current IPRA employees who received the notices. (*See* email from Rocks to H. Candace Gorman and Matthias Gill on September 30, 2016 (without attachments), attached hereto as Exhibit O). IPRA sent the litigation hold notices to individuals it had identified as potential custodians of information related to the Young Investigation (as defined in the Original Affidavit).

7. As of the date of this Affidavit, IPRA has received signed litigation hold notices from two of the former IPRA employees to whom it issued notices.

8. On information and belief, Plaintiff did not state an objection to the litigation hold notices detailed in Paragraph 6 above until Plaintiff filed her Reply brief in support of her Amended Motion for Rule to Show Cause in the above-captioned matter on November 27, 2016 (the "Reply").

9. After reading Plaintiff's objection to the September 30, 2016 litigation hold notices in the Reply, IPRA sent litigation hold notices to two additional former IPRA employees and five additional current IPRA employees on November 29, 2016 and December 1, 2016. (*See* email and letter from Rocks to H. Candace Gorman and Matthias Gill on December 2, 2016 at 4:44 PM (without attachments), attached hereto as Exhibit P).

10. On November 11, 2016, in a further effort to resolve the dispute between Plaintiff and IPRA related to the emails described in Paragraphs 17-20 of my Original Affidavit, Rocks sent Plaintiff's attorneys a spreadsheet reporting all 972 records captured by the search described in Paragraphs 17-20 of my Original Affidavit. Rocks explained that some of these records were privileged communications, and invited Plaintiff to select a reasonable number of records from this set, which IPRA would review for privilege and produce if not privileged, or withhold pursuant to applicable privileges and then provide a privilege log in lieu of production. (*See* email and letter from Rocks to H. Candace Gorman and Matthias Gill on November 11, 2016 at 4:09 PM (with excerpts from the worksheet attached to that email), attached hereto as Exhibit Q).

11. On information and belief, Plaintiff did not respond to the November 11, 2016 email and letter or select documents for further discussion.

12. I have continued my search for records responsive to the Subpoena. As a result of that work, I located four pages of records which were produced to Plaintiff on December 8, 2016. In addition, in the same correspondence, Rocks sent copies of the two litigation hold notices signed by former IPRA employees. (See email and letter from Rocks to H. Candace Gorman and Matthias Gill on December 8, 2016 at 4:43 PM (without attachments), attached hereto as Exhibit R).

13. In my search for records, I have not located any non-concurrence reports associated with the Young Investigation and have not found any records indicating that a non-concurrence report was written in the Young Investigation.

14. I declare, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Claudia Silva

12 / 9 / 16
Date:

# EXHIBIT M

**TO:**  Chief Administrator
Independent Police Review Authority

**FROM:**  Inv. Margarita Galindo #135

**SUBJECT:**  LOG# 1056189/U# 12-21

**DATE/TIME:**  09 Aug 12/1130 hours

**REFERENCE:**  RD# HV-422612/Aggravated Assault to a Peace Officer

**LOCATION:**  6304 S. Honore St.
**Beat 726**

**OFFICER #1:**  Watts, Otis; Chicago Police Officer #15226, Unit 189,
M/B, Employee ███ DOB: ███ DOA: 29 Sep
03; On-duty; In Plainclothes.

**OFFICER'S
WEAPON:**  Glock; Model 21; .45 cal; semi –automatic; blue finish;
Serial #RAX708; City Registration #R021432S; All
ammunition Winchester .45 cal; Fired (14) times.

**OFFICER'S
INJURIES:**  None Reported.

**SUBJECT:**  Young, Divonte; M/B; DOB: 07 Jul 92; IR# 2063969;
Address: 6406 S. Wood St., Chicago, IL.

**SUBJECT'S
WEAPON:**  Weapon not recovered on the scene but .22 cal shell
casings recovered at 6308 S. Honore.

**SUBJECT
INJURIES:**  One (1) gunshot wound left side, lower torso. **Deceased.**

**IPRA
NOTIFICATIONS:**  Chief Administrator Ilana Rosenzweig
Deputy Chief Scott Ando
Supervisor Patrick Querfurth #12
Supervisor Steve Hirsch #25
Media Relations Larry Merritt
Inv. Margarita Galindo #135

LOG# **1056189**
Attachment 00217 **4**

**TIME OF IPRA**
**NOTIFCATIONS:**          1206 hours

**TIME IPRA APPRIVED**
**ON-SCENE:**             1245 hours

## OBSERVATIONS OF SCENE:

Deputy Chief Ando, Supervisors Querfurth and Hirsch and Media Relations Merritt were present when R/I arrived. Incident occurred on Honore Street, south of 63<sup>rd</sup> Street. Weather was clear/windy; daylight.

## PRELIMINARY STATEMENT FROM WALK-THROUGH

The following information is preliminary and involves multiple levels of hearsay. It was provided by the OCIC to R/I during a walk-through of the incident. On 09 Aug 12 at approximately 1130 hours (per the notification, the incident was called in at 1206 hours), Officer Otis Watts, #15226, Unit 189, was working alone, conducting undercover surveillance in an unmarked, covert, blue Ford Expedition, license plate #2355941. Officer Watts' vehicle was parked on Honore Street, several feet south of 63<sup>rd</sup> Street and was facing south. Officer Watts observed a black male, now identified as Divonte Young standing in the middle of Honore Street facing north and shooting a gun towards 63<sup>rd</sup> Street. Officer Watts exited his vehicle, drew his weapon and announced his office to Young and ordered Young to drop his weapon. Young continued to shooting towards 63<sup>rd</sup> Street. Officer Watts, using the vehicle's driver's side door as a shield, fired his weapon several times at Young. Young turned southwest into a vacant lot then turned west (right) into alley parallel to 63<sup>rd</sup> Street. Officer Watts requested assistance via his Nextel phone/radio and put on his bullet proof vest before pursuing Young into the alley. Officer Watts turned west into the alley then south into the t-alley (adjacent to Honore Street) and observed Young lying on the ground in the alley. Upon reaching the t-alley, other officers were also arriving and several civilians were also observed surrounding the body of Young. Officer Watts confirmed to other officers that Young was the same subject that had just fired at him. A weapon was not found on or near Young and it was surmised at the time that a civilian may have removed the gun prior to officers arriving on the scene.

There were no PODS observed in the vicinity of 63<sup>rd</sup> Street and Honore Street.

## IDENTIFICATION OF WITNESSES

There was one potential civilian witness to the incident. The female witness had been taken to Area South but was being uncooperative with detectives and had not given the detectives her name.

**FORENSIC TESTING**

It was not known or determined at the time of the incident what type of forensic testing would be requested. Young's hands had already been swabbed for GSR and bagged at the time of the walk through.

**LEICA INFORMATION**

Leica was performed.

**IN-CAR CAMERA**

There was no in-car camera in the officers' vehicle as the vehicle was a covert police vehicle.

Investigation on-going.

Inv. Margarita Galindo #135

Approved:

_____
IPRA Supervisor

# EXHIBIT N

**TO:** Scott Ando
Acting Chief Administrator
Independent Police Review Authority

**FROM:** Investigator Heather Looby #158

**SUBJECT:** Log #1056189, U #12-21

**REFERENCE:** RD#HV-422612, Aggravated Assault to a Peace Officer

**DATE/TIME
OF INCIDENT:** 09 August 2012 at 1130 hours

**LOCATION
OF INCIDENT:** 6304 S. Honore Street
**Beat 726**

**OFFICER #1:** WATTS, Otis; Chicago Police Officer, #15226, Unit 189, M/B,
Employee ███ DOB: ███ DOA: 29 Sep 03; On-duty;
In Plainclothes

**OFFICER'S
WEAPON:** Glock; Model 21; .45 caliber; Semi-automatic; Blue finish; Serial
#RAX708; City Registration #R021432S; All ammunition
Winchester .45 caliber; Fired fourteen (14) times. Inventory
#12685161

**OFFICER'S
INJURIES:** None Reported.

**SUBJECT:** YOUNG, Divonte: M/B, DOB: 07 Jul 92, IR #2063969, Address:
6406 S. Wood Street, Chicago, IL.

**SUBJECT'S
WEAPON:** Weapon not recovered on the scene, but .22 caliber shell casings
recovered at 6308 S. Honore Street.

**SUBJECT'S
INJURIES:** One (1) gunshot wound left side, lower torso. **Deceased.**

IPRA_0001231

## SUMMARY OF INCIDENT:

On 09 August 2012, at approximately 1130 hours, Officer Otis Watts, #15226, fatally shot the subject, Mr. Divonte Young, at 6304 S. Honore Street. Officer Watts was on-duty at the time of the incident, working with a narcotics surveillance team in the area of 63rd Street and S. Honore Street. Officer Watts was alone in his covert vehicle at the time of the shooting. His beat number was 6222I. He first observed Mr. Young after Mr. Young fired a shot from the rear of a building on the southwest corner of S. Honore Street at its intersection with 63rd Street. Mr. Young then began firing his gun toward the rear of Officer Watts' vehicle, where there was a couple with a baby. Officer Watts immediately exited his vehicle and began yelling, "Police, police! Drop it!" Mr. Young continued to fire his weapon toward several male blacks standing in front of the store. Officer Watts continued to yell, "Police, police! Drop your weapon!" Mr. Young then turned toward Officer Watts and pointed his weapon at Officer Watts. Officer Watts, in fear of great bodily harm or death, shot at Mr. Young in order to protect himself and civilian bystanders.

Mr. Young subsequently ran south toward an alley, but then turned and pointed his weapon at Officer Watts a second time. Officer Watts, who was approximately 50 feet away, again discharged his weapon at Mr. Young. Mr. Young ran into a nearby "T-alley" and Officer Watts lost sight of Mr. Young. An unidentified black male wearing a white T-shirt and riding on a 10-speed bicycle followed Mr. Young into the alley. Officer Watts, unsure if Mr. Young had been shot, began checking for injured bystanders in the area prior to going into the alley to locate Mr. Young. Members of Officer Watts' narcotics team found Mr. Young lying in the T-Alley adjacent to Honore Street and observed civilians standing around Mr. Young's body. Mr. Young's weapon was not located.

## INVESTIGATION:

Per the **Preliminary Summary Report**, on 09 August 2012, at approximately 1130 hours, Officer Otis Watts, #15226, Unit 189, was working alone, conducting undercover surveillance in an unmarked, covert, blue Ford Expedition with license plate #2355941. His vehicle was parked facing south on Honore Street, several feet south of 63rd Street. Officer Watts observed a black male, now identified as Mr. Young, standing in the middle of Honore Street facing north and shooting a gun toward 63rd Street.

Officer Watts exited his vehicle, drew his weapon, and announced his office to Mr. Young. He ordered Mr. Young to drop his weapon, but Mr. Young continued shooting toward 63rd Street. Officer Watts, using his vehicle's driver's side door as cover, fired his weapon several times at Mr. Young. Mr. Young turned southwest into a vacant lot then turned west (right) into the alley parallel to 63rd Street. Officer Watts requested assistance via his Nextel phone/radio and put on his bullet proof vest before pursuing Mr. Young into an alley. Officer Watts turned west into the alley then south into the T-alley (adjacent to Honore Street), where he observed Mr. Young lying on the ground in the alley. Upon reaching the T-alley, other police officers began arriving and several civilians

IPRA_0001232

were observed surrounding Mr. Young's body. Officer Watts confirmed to the officers that Mr. Young was the same subject that had fired at him. No weapon was found on or near Mr. Young, so it was surmised that a civilian had removed the gun prior to the police officers' arrival on scene.

No **PODs** were observed within the vicinity of the shooting. Additionally, there was no in-car camera in Officer Watt's vehicle. (Att. 4)

**Witnesses, Mr. Garland Jackson, Ms. Melinda Jessup** (mother of **minor witness** █████████), █████████ **(minor), and Mr. Thomas Williams** refused to cooperate with the investigation. Additionally, Mr. Young's brother, Donte Young, refused to provide contact information for Divonte Young's girlfriend, Laura Moore, who was believed to be with Divonte Young immediately prior to the shooting. (Atts. 72-80)

**Contact cards** were completed for **Mr. Garland Jackson, Mr.** █████████ **(minor), and Mr. Thomas Williams**. These men were all documented as being witnesses to a person shot at 6322 S. Honore Street. Mr. Jackson, Mr. Jordan, and Mr. Williams were all detained for field interviews. (Atts. 31-33).

A **canvass** of the area at 6304 S. Honore Street on 14 August 2012[1] yielded one witness, a ten-year-old boy, Yaakov Jessup. His mother, Melinda Jessup, stated that he was at school, but that she would allow him to be interviewed. (Att. 50)

**The Chicago Fire Department Incident Detail Report** documents that paramedics, Tom Dubert and Jennifer Schulz, of CFD Ambulance 96, responded to a gun shot victim at 6322 S. Honore Street on 09 August 2012 at 1143 hours. According to the report, an unidentified male (now known as the subject, Divonte Young) was observed lying prone in an alley with a single gunshot wound to the lower right side of his back. Mr. Young's body was slightly warm to touch, but had no obvious signs of life. (Att. 52)

**The Postmortem Examination Report from the Cook County Medical Examiner's Office by Assistant Medical Examiner, Dr. Lauren Woertz,** indicates that Mr. Young (Case No. 162 AUGUST 2012) was examined on 10 August 2012 at 0830 hours. Dr. Woertz determined that Mr. Young sustained a gunshot wound which entered through the right side of his back. The exit wound was on the left side of Mr. Young's chest. A deformed, copper-jacketed bullet was recovered from the soft tissue adjacent to the exit wound. Dr. Woertz' opinion was that Mr. Young's manner of death was homicide from a gunshot wound to his back. (Att. 68)

An **Illinois State Police Laboratory Report for RD#HV-422612** dated 13 September 2012 indicates that a Glock, model 21, .45 caliber semi-automatic pistol, serial

---

[1] The canvass was not done immediately following the shooting because it was determined that it was unsafe to do so. Per an **Officer Safety Alert** dated 09 August 2012, Gangster Disciples from the area of 6300 S. Honore Street made threats against CPD officers in response to Mr. Young's shooting. Thus, it was determined that it was also unsafe for IPRA investigators to be in the area. (Att. 10)

IPRA_0001233

#RAX708 (Officer Watts' weapon) was examined, found to be in firing condition, and test-fired using various cartridge cases (Exhibits 4-14, 16-22). (Att. 85)

An **Illinois State Police Laboratory Report for RD#HV-422612** dated 28 September 2012 indicates that a blood sample from Divonte Young and a cell phone swabbing were submitted to the Joliet Forensic Science Laboratory for DNA analysis. (Att. 86)

An **Illinois State Police Laboratory Report for RD#HV-422612** dated 9 October 2012 indicates that a cellular flip style phone (Inventory No. 12685269) revealed a latent impression suitable for comparison which was digitally photographed and lifted. Comparison revealed that suitable latent impression was made by the person whose fingerprints appear on the standards marked "Mr. Young (IL16672941)." (Att. 87)

An **Illinois State Police Laboratory Report for RD#HV-422612** dated 25 October 2012 indicates that Divonte Young's blood sample and swabbing of his cell phone revealed loci that were "potentially incomplete" and "unsuitable for comparison to known standards." (Att. 88)

327 **ET Photos** were taken of the crime scene and of Mr. Young. (Att. 84)

**Photographs of Mr. Young's Autopsy were taken by the Cook County Medical Examiner's Office** on 10 August 2012. The photographs depict Mr. Young's body and include close-ups of the (entrance and exit) bullet wounds. Additionally, there are photographs of Mr. Young's recovered clothing and the retained bullet. (Att. 61)

**Video footage from Sam's Mini Mart Store** did not depict the shooting. (Att. 70)

The **CPD Crime Scene Video** depicts Mr. Young's deceased body lying in the alleyway. It also shows numerous marked police cars and unmarked municipal vehicles are shown. A blue SUV (presumably Officer Watts') is shown and there are at least 14 bullet markers on the vehicle. (Atts. 63, 90)

**CPD Event Queries** indicate that multiple 911 callers reported "shots fired" in the area of 6300 S. Honore Street. Multiple callers reported hearing approximately twenty shots. **Event #1222206633** states that shots were fired by the police at 6300 S. Honore Street by Officer Watts. Additionally, **Event #1222206834** documents that per the EMS, Mr. Young was dead on arrival ("DOA"). (Atts. 14-27)

**Departmental Reports** for RD#HV-422612 show that Officer Watts was assaulted by Mr. Young. Witnesses, Garland Jackson and Thomas Williams are listed as victims on the **Case Supplementary Reports**. (Atts. 8, 9, 65, 66)

Officer Watts' **Tactical Response Report** documents that Mr. Young did not follow verbal direction and attacked Officer Watts with a firearm. (Att. 6)

IPRA_0001234

Officer Watts' **Officer's Battery Report** states that he was shot at, but did not sustain any injuries. (Att. 7)

The **Synoptic Report** for Officer Watts shows that he was not under the influence of drugs or alcohol at the time of the shooting. (Att. 69)

In a **statement to IPRA, Officer Otis Watts, #15226,** related essentially the same information as documented in the Initiation Report. Officer Watts stated that he was on-duty working narcotics surveillance in a covert vehicle. Although his team members were in the surrounding area, he was alone in his vehicle immediately prior to the incident. Officer Watts related that he had been in the area for approximately one hour before the shooting occurred. His vehicle was parked on the southeast corner of S. Honore Street. Officer Watts stated that he first observed Divonte Young when Mr. Young fired a shot from the rear of a building on the southwest corner of S. Honore Street and 63rd Street. Officer Watts was unable to identify what type of weapon Mr. Young shot with, but it appeared to be a "blue steel." He explained that Mr. Young was in front of him when Mr. Young began shooting northeast toward the rear of Officer Watts' vehicle and a corner store (Sam's Food Mart). Officer Watts related that he put a "shots fired" call out to his team via Nextel radio.

Officer Watts then exited from his vehicle. He reported that he saw people running from the store and observed a couple with a baby behind his vehicle. Officer Watts stated, "Police, police! Drop it!" Mr. Young failed to respond to Officer Watts' verbal commands and continued to fire his weapon toward several black males standing in front of the store. Officer Watts did not know if any of the men were armed. Officer Watts related that he continued to yell, "Police, police! Drop your weapon!" Mr. Young then turned toward Officer Watts and pointed his weapon at Officer Watts, so Officer Watts shot back at him. Officer Watts explained that he was in fear of great bodily harm or death and shot at Mr. Young in order to protect himself and the civilians behind him.

Mr. Young then ran south toward an alley and again turned toward Officer Watts and pointed his weapon at Officer Watts a second time. In response, Officer Watts, who was about 50 feet away, again fired his weapon at Mr. Young. Mr. Young then ran westbound into a T alley. Officer Watts related that he lost sight of Mr. Young at this point, but saw a male black wearing a white T-shirt on a 10-speed bicycle follow Mr. Young into the alley. Officer Watts related that he was unsure if he had shot Mr. Young. He stated that he began checking on the pedestrians in the area and did not go into the alley until he saw other police officers from his team there. Members of Officer Watts' team informed him civilians were standing around Mr. Young's body at the time that they found Mr. Young in the alley. No gun was located on Mr. Young. (Atts. 55, 89)

IPRA_0001235

## CONCLUSION:

According to the **Chicago Police Department's General Order 03-02-03, Section II**, governing "Department Policy", the order states in relevant part:

A.   "A sworn member is justified in using force likely to cause death or great bodily harm only when he or she reasonably believes that such force is necessary:

    1.   to prevent death or great bodily harm to the sworn member or to another person, or:

    2.   to prevent an arrest from being defeated by resistance or escape and the sworn member reasonably believes that the person to be arrested:

      a.  has committed or has attempted to commit a forcible felony which involves the infliction, threatened infliction, or threatened use of physical force likely to cause death or great bodily harm or;

      b.  is attempting to escape by use of a deadly weapon or;

      c.  otherwise indicates that he or she will endanger human life or inflict great bodily harm unless arrested without delay."

The Reporting Investigator recommends a finding that **Officer Watts' use of deadly force** was **JUSTIFIED,** as it was reasonable based on the totality of the circumstances. Mr. Young ignored Officer Watts' verbal commands to drop his weapon after Mr. Young fired toward a group of men standing in front of a convenience store. Mr. Young also pointed his weapon at Officer Watts on two separate occasions, placing Officer Watts in fear of death or great bodily harm. While Officer Watts stated that he was in fear for his own life, he stated that he was also concerned about the lives of the multiple civilian bystanders at the time that he fired at Mr. Young. Based upon his actions, Mr. Young posed an imminent threat to both Officer Watts' life and civilian lives. Therefore, Officer Watts was justified in his use of deadly force against Mr. Young with his firearm.

Inv. Heather Looby, #158

Approved By:

IPRA Supervisor, Mark Hitt

IPRA_0001236

# EXHIBIT O

| | |
|---|---|
| **From:** | Rocks, Patrick J. (Chicago) |
| **Sent:** | Friday, September 30, 2016 5:34 PM |
| **To:** | H. Candace Gorman; Shpigel, Elan (Chicago); mdg@gillfirm.com |
| **Cc:** | 'OShaughnessy, Helen'; Amador, Victoria (Chicago) |
| **Subject:** | RE: IPRA documents - Young v. Chicago |
| **Attachments:** | 20160930172418901.pdf |

Enclosed are the lit holds.  As we receive signed copies, we will forward them to you.  We will provide a status report by end of day on Monday.

Pat

Patrick Rocks
Jackson Lewis P.C.
150 N. Michigan Ave Suite 2500
Chicago, IL 60601

312.803.2555 | Direct
312.787.4995 | Fax

Patrick.Rocks@jacksonlewis.com

www.jacksonlewis.com

**From:** H. Candace Gorman [mailto:HCGorman@IGC.org]
**Sent:** Friday, September 30, 2016 5:24 PM
**To:** Rocks, Patrick J. (Chicago); Shpigel, Elan (Chicago); mdg@gillfirm.com
**Cc:** 'OShaughnessy, Helen'; Amador, Victoria (Chicago); Candace Gorman
**Subject:** RE: IPRA documents - Young v. Chicago

Pat,
We are all very busy, that is no excuse.
In addition your failure to respond to my email yesterday morning is unacceptable.
It is now 10 days since we were in court and I am now viewing IPRA's conduct as a stall technique. I want a full status on Monday. I did not agree to put this off for three weeks so that IPRA could ignore me for three weeks.
-Candace


**From:** H. Candace Gorman [mailto:HCGorman@IGC.org]
**Sent:** Thursday, September 29, 2016 7:42 AM
**To:** 'Rocks, Patrick J. (Chicago)' <Patrick.Rocks@jacksonlewis.com>; 'Shpigel, Elan (Chicago)'
<Elan.Shpigel@jacksonlewis.com>; mdg@gillfirm.com; Candace Gorman <hcgorman@igc.org>
**Cc:** 'OShaughnessy, Helen' <Helen.OShaughnessy@chicagopolice.org>; 'Amador, Victoria (Chicago)'
<Victoria.Amador@jacksonlewis.com>
**Subject:** RE: IPRA documents - Young v. Chicago

Thank you Pat. This slow pace is disappointing. It seems to me that you should at least be able to get to me the documents that you told me about at court last week that Elan discovered were arguably responsive to the subpoena but had not yet been turned over. Also you did not respond about former employees. Have letters gone out?
Best regards,
Candace

**From:** Rocks, Patrick J. (Chicago) [mailto:Patrick.Rocks@jacksonlewis.com]
**Sent:** Thursday, September 29, 2016 7:13 AM
**To:** H. Candace Gorman <HCGorman@IGC.org>; Shpigel, Elan (Chicago) <Elan.Shpigel@jacksonlewis.com>;
mdg@gillfirm.com
**Cc:** 'OShaughnessy, Helen' <Helen.OShaughnessy@chicagopolice.org>; Amador, Victoria (Chicago)
<Victoria.Amador@jacksonlewis.com>
**Subject:** RE: IPRA documents - Young v. Chicago

Candace:

I have been tied up on another matter and have not been able to get back to this issue. Elan is checking with IPRA regarding the status of litigation holds. We hope to have a status report on that issue by close of business tomorrow. IPRA has checked with its current employees and has not discovered any additional documents. In our view, that search has been exhausted. We are in the process of re-examining the emails that are not responsive to the subpoena, but include one or more search terms used to search for emails. In many cases, a search term appears in an attachment, such as a spreadsheet. We expect to have that work done by close of business on Tuesday. We also are exploring ways we can show you those emails in a way that makes sense. I think we should be able to report on that work by close of business on Tuesday, too.

Patrick Rocks
Jackson Lewis P.C.
150 N. Michigan Ave Suite 2500
Chicago, IL 60601

312.803.2555 | Direct
312.787.4995 | Fax

Patrick.Rocks@jacksonlewis.com

www.jacksonlewis.com

**From:** H. Candace Gorman [mailto:HCGorman@IGC.org]
**Sent:** Wednesday, September 28, 2016 3:35 PM
**To:** Rocks, Patrick J. (Chicago); Shpigel, Elan (Chicago); mdg@gillfirm.com
**Cc:** 'OShaughnessy, Helen'; Amador, Victoria (Chicago); Candace Gorman
**Subject:** RE: IPRA documents - Young v. Chicago

Pat,
We have been patiently waiting to hear back from you regarding the IPRA production. It was a week ago when we were in Court and you told me that Elan discovered so more items that could be considered to fall under the subpoena and you were going to arrange to get those to me. Also we agreed that we would set up a time to come to your offices to check the other emails. I understand you were also doing letters to former IPRA employees to see if they were cooperate and you were

going to check with current IPRA employees to see what other documents they might have which were not in the computer system.

Can you please provide me with an update?

Thanks,

Candace

**From:** Rocks, Patrick J. (Chicago) [mailto:Patrick.Rocks@jacksonlewis.com]
**Sent:** Tuesday, September 20, 2016 8:04 AM
**To:** H. Candace Gorman <HCGorman@IGC.org>; Shpigel, Elan (Chicago) <Elan.Shpigel@jacksonlewis.com>; mdg@gillfirm.com
**Cc:** 'OShaughnessy, Helen' <Helen.OShaughnessy@chicagopolice.org>; Amador, Victoria (Chicago) <Victoria.Amador@jacksonlewis.com>
**Subject:** RE: IPRA documents - Young v. Chicago

Candace:

Elan and I will consult with IPRA today regarding this matter and will respond as soon as possible.

Pat

Patrick Rocks
Jackson Lewis P.C.
150 N. Michigan Ave Suite 2500
Chicago, IL 60601

312.803.2555 | Direct
312.787.4995 | Fax

Patrick.Rocks@jacksonlewis.com

www.jacksonlewis.com

**From:** H. Candace Gorman [mailto:HCGorman@IGC.org]
**Sent:** Monday, September 19, 2016 5:46 PM
**To:** Rocks, Patrick J. (Chicago); Shpigel, Elan (Chicago); mdg@gillfirm.com; Candace Gorman
**Cc:** 'OShaughnessy, Helen'; Amador, Victoria (Chicago)
**Subject:** RE: IPRA documents - Young v. Chicago

Thank you Pat,

I hope we are on the same page. I want to make clear that we are seeking "everything" that IPRA has, *or has ever had,* that has in any way related to this investigation. I am in a situation where at this point I do not know the entire scope of the investigation and I want to make clear that everything is fair game until we have reached an agreement or the judge has ruled. This might include documents that were actually generated in other investigations but reviewed in this case- it might include documents like CPD records that were reviewed in this investigation but not retained, it might include transcripts. What I am trying to ensure is that "everything" is preserved.

It is possible that some documents might have been reviewed and returned to its source but I believe that we may still be entitled to those documents. I am also concerned about documents that are being personally held by current or former employees of IPRA either on paper or in other formats including their personal emails or computers.

3

What I am trying to do is to make certain that the entire universe of materials related to this investigation is preserved not just what IPRA "has" under its possession or control at this moment in time.
Do we have an agreement?
-Candace

**From:** Rocks, Patrick J. (Chicago) [mailto:Patrick.Rocks@jacksonlewis.com]
**Sent:** Monday, September 19, 2016 5:12 PM
**To:** H. Candace Gorman <HCGorman@IGC.org>; Shpigel, Elan (Chicago) <Elan.Shpigel@jacksonlewis.com>; mdg@gillfirm.com
**Cc:** 'OShaughnessy, Helen' <Helen.OShaughnessy@chicagopolice.org>; Amador, Victoria (Chicago) <Victoria.Amador@jacksonlewis.com>
**Subject:** RE: IPRA documents - Young v. Chicago

Candace:

I think we are on the same page regarding preservation. We don't want a situation where we discover that a responsive document was not preserved. To that end, there is a litigation hold in place. And, we understand that the Plaintiff's request includes records created by IPRA personnel and records created by persons not affiliated with IPRA but that IPRA has in its possession or control.

Please feel free to add to this description of what should be preserved.

Thanks

Pat Rocks

Patrick Rocks
Jackson Lewis P.C.
150 N. Michigan Ave Suite 2500
Chicago, IL 60601

312.803.2555 | Direct
312.787.4995 | Fax

Patrick.Rocks@jacksonlewis.com

www.jacksonlewis.com

**From:** H. Candace Gorman [mailto:HCGorman@IGC.org]
**Sent:** Monday, September 19, 2016 3:32 PM
**To:** Rocks, Patrick J. (Chicago); Shpigel, Elan (Chicago); mdg@gillfirm.com; Candace Gorman
**Cc:** 'OShaughnessy, Helen'; Amador, Victoria (Chicago)
**Subject:** RE: IPRA documents - Young v. Chicago

Pat,
We are trying to figure out some dates/times that works for the two of us so that we can then suggest dates to you- for either an in-person meeting or a conference call. I would ask that you first assure us that everything related to this investigation is- and will be- preserved while we work through this. I do not want to be in a situation where IPRA claims that it did not understand certain documents were being sought. We are seeking everything- whether or not it is in an official file. This means

everything that could conceivably be related to this investigation. Not only from everyone working with IPRA but also everything that IPRA received, reviewed or which otherwise relates to this investigation. If we can reach an agreement as to preservation I can ask the judges clerk to continue the date for the Rule while we try to work this out.
Let me know.
Best regards,
Candace

**From:** Rocks, Patrick J. (Chicago) [mailto:Patrick.Rocks@jacksonlewis.com]
**Sent:** Monday, September 19, 2016 1:39 PM
**To:** H. Candace Gorman <HCGorman@IGC.org>; Shpigel, Elan (Chicago) <Elan.Shpigel@jacksonlewis.com>; mdg@gillfirm.com
**Cc:** 'OShaughnessy, Helen' <Helen.OShaughnessy@chicagopolice.org>; Amador, Victoria (Chicago) <Victoria.Amador@jacksonlewis.com>
**Subject:** RE: IPRA documents - Young v. Chicago

Candace and Matthias:

Thanks for considering the September 1, 2016 letter.  Also, please know that IPRA wants to resolve Plaintiff's concerns about compliance with the subpoena without litigation.  Therefore,  we are asking for a conference call or meeting with you to discuss this situation before either of our clients incurs the expense of additional filings.  We specifically are concerned that there may be misunderstandings between us that can be cleared up if we discuss them.

For example,  we think IPRA has produced the entire investigative file.  We think it would help to discuss why we think that is the case,  and to learn what you think is missing.  For example,  if the investigative file indicates that a witness would not agree to be interviewed,  then it is reasonable to conclude that no interview notes are in the file.

Second,  the subpoena calls for investigative documents.  We have viewed this as documents related to the investigation,  but not part of the file.  IPRA has produced all of the investigative documents it has located,  other than the few documents that currently are the subject of the deliberative process privilege.  If we put those records aside for a minute,  we think it would help to explain why we think all other investigative documents have been produced.  We will want to discuss the privilege issue, too,  but it would help to know if that is the only issue left to be resolved between the parties.

Third,  we would like to discuss the large number of emails that are not responsive to the subpeona..  We think part of the issue is that IPRA's search terms captured a large number of emails that included a search term but were not responsive to the subpoena.  Elan sent an example on August 29th.  (Will you please confirm that you have his email?  If not,  we definitely think you should see it).   It is an email dated March 28, 2016 from Dan Hinkel at the

Tribune in relation to a FOIA request for information related to a large number of IPRA cases. Attached to the email was a spread sheet with thousands of lines of information in it (approximately 51,000 lines). Lines 41,004, 41,005 and 41,006 of that spreadsheet include the log number for the Young case, 1056186. The email was captured in IPRA's search because one of the search (the log number) was in the attachment, but the email and the attachment are not responsive to the subpeona. We think it would help resolve this situation if we can discuss what you prefer regarding production of the records that include a search term but are not related to the Young investigation. If we were talking about only a few pages of documents, we could produce them without further discussion. But we are talking about a very large number of pages (around 170,000). We don't want to create unnecessary costs for either Plaintiff or IPRA by producing such a large amount of non-responsive material. If it would help to see additional examples, we are happy to provide them. And, if you need to see Elan's August 29th examples, we can send them immediately.

Please let us know when you are free for a call or meeting.

Pat Rocks

Patrick Rocks
Jackson Lewis P.C.
150 N. Michigan Ave Suite 2500
Chicago, IL 60601

312.803.2555 | Direct
312.787.4995 | Fax

Patrick.Rocks@jacksonlewis.com

www.jacksonlewis.com

---

**From:** H. Candace Gorman [mailto:HCGorman@IGC.org]
**Sent:** Monday, September 19, 2016 12:28 PM
**To:** Rocks, Patrick J. (Chicago); Shpigel, Elan (Chicago); mdg@gillfirm.com; Candace Gorman
**Cc:** 'OShaughnessy, Helen'; Amador, Victoria (Chicago)
**Subject:** RE: IPRA documents - Young v. Chicago

Patrick,
I am going to ask the court on Wednesday to allow me to amend the Rule. You should hold off on any response until the amendment is filed which will be sometime this week but probably not prior to court on Friday.
Candace

**From:** H. Candace Gorman [mailto:HCGorman@IGC.org]
**Sent:** Saturday, September 17, 2016 1:08 PM
**To:** 'Rocks, Patrick J. (Chicago)' <Patrick.Rocks@jacksonlewis.com>; 'Shpigel, Elan (Chicago)' <Elan.Shpigel@jacksonlewis.com>; mdg@gillfirm.com
**Cc:** 'OShaughnessy, Helen' <Helen.OShaughnessy@chicagopolice.org>; 'Amador, Victoria (Chicago)'

&lt;Victoria.Amador@jacksonlewis.com&gt;; Candace Gorman &lt;hcgorman@igc.org&gt;
**Subject:** RE: IPRA documents - Young v. Chicago

Well clearly this one got to me. I don't understand what happened and it of course would make no sense to wait so long for a response (which I did) and to ignore it. I am under a time constraint in another case but as soon as I can I will review the letter and documents from September 1st and determine if anything needs to be correction or clarified in the Rule.
-Candace

**From:** Rocks, Patrick J. (Chicago) [mailto:Patrick.Rocks@jacksonlewis.com]
**Sent:** Saturday, September 17, 2016 12:24 PM
**To:** Shpigel, Elan (Chicago) &lt;Elan.Shpigel@jacksonlewis.com&gt;; H. Candace Gorman &lt;hcgorman@igc.org&gt;; mdg@gillfirm.com
**Cc:** OShaughnessy, Helen &lt;Helen.OShaughnessy@chicagopolice.org&gt;; Amador, Victoria (Chicago) &lt;Victoria.Amador@jacksonlewis.com&gt;
**Subject:** RE: IPRA documents - Young v. Chicago

Candace:

I am replying here to the e-mail Elan sent on September 1st.  I was copied on that e-mail.  (I added Matthias to this reply – he was not on the 9-1 e-mail.)

Pat

**From:** Shpigel, Elan (Chicago)
**Sent:** Thursday, September 01, 2016 6:59 PM
**To:** H. Candace Gorman
**Cc:** Rocks, Patrick J. (Chicago); OShaughnessy, Helen; Amador, Victoria (Chicago)
**Subject:** IPRA documents - Young v. Chicago

Ms. Gorman,

Please see the enclosed documents and correspondence.

Thank you,

Elan Shpigel
Attorney at Law
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, IL 60601

312.803.2525|Direct
312.787.4949|Office Main
312.787.4995|Fax
551.265.2805|Mobile

elan.shpigel@jacksonlewis.com
www.jacksonlewis.com

**Representing management exclusively in workplace law and related litigation.**

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT P

| From: | Rocks, Patrick J. (Chicago) |
|---|---|
| **Sent:** | Friday, December 02, 2016 4:44 PM |
| **To:** | H. Candace Gorman; mdg@gillfirm.com |
| **Cc:** | Brown, Matthew M. (Chicago); OShaughnessy, Helen; Amador, Victoria (Chicago) |
| **Subject:** | Young v. City of Chicago |
| **Attachments:** | Gorman 12.02.16.pdf; Supplemental Litigation Holds 11-29-2016.pdf |

Dear Ms. Gorman:

Please see the attached letter and additional litigation holds that were issued this week.

Pat Rocks

**Patrick J. Rocks**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2555 | Main: (312) 787-4949
Patrick.Rocks@jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the 2016 rankings of the AmLaw 100 and Global 100 law firms.*



Attorneys at Law

| | | | |
|---|---|---|---|
| Jackson Lewis P.C. | ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| 150 North Michigan Avenue | ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| Suite 2500 | ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| Chicago, Illinois 60601 | AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| Tel 312 787-4949 | BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| Fax 312 787-4995 | BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| www.jacksonlewis.com | BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| | CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| | CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| | CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| | DALLAS, TX | MADISON, WI | PITTSBURGH, PA | STAMFORD, CT |
| | DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | TAMPA, FL |
| | DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| | DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | WHITE PLAINS, NY |
| | GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (312) 803-2555
MY EMAIL ADDRESS IS: PATRICK.ROCKS@JACKSONLEWIS.COM

December 2, 2016


**VIA E-MAIL**

H. Candace Gorman
Law Office of H. Candace Gorman
220 South Halsted Street
Suite 200
Chicago, Illinois 60661

Re: *Young v. City of Chicago*, 13 C 5651

Dear Ms. Gorman:

On September 30, 2016, we sent an email to you with copies of litigation holds that IPRA issued to current and former IPRA employees it had identified as individuals who might have information related to the Young Investigation. Specifically, IPRA issued notices to former employees Nina Corley, Heather Looby, Alexis Sorio, Eric Mullenbach, George Roberts, Devi Klava, Andrea Stoutenborough, and Scott Ando and current employees Patrick Querfurth and Mark Hitt. The notices submitted to Querfurth and Hitt were signed by them.

We did not receive any objection from Plaintiff regarding the identity of the custodians to whom notices were sent until November 27, 2016.

On November 27, 2016, Plaintiff filed her reply brief in support of her motion for a rule to show cause. In that brief, for the first time, Plaintiff complained that IPRA had not issued a notice to an investigator who wrote an initial report related to the Young Investigation. To address this concern, and to reduce the risk that Plaintiff later will identify other IPRA personnel who should receive notices, IPRA sent notices on November 29, 2016 to former employee Steve Hirsch and current employees Larry Merritt, Daniel Kobel, William Abbruzzese, Artra Thomas, and Roberto Soto. On December 1, 2016, IPRA sent a notice to former employee, Margarita Galindo-Macias. The names of these individuals were derived from the investigative report previously produced to you.





Copies of the supplemental notices are included with this letter. The notices sent to current IPRA employees are signed. IPRA has not received signed copies of the notices from the former employees to whom they were sent. But as we stated on September 30, 2016, if IPRA receives signed notices from those individuals, it will forward them to you.

If Plaintiff contends that IPRA should issue litigation holds to any other current or former IPRA employees, please advise us immediately.

Sincerely,

Patrick J. Rocks

PJR/va

cc:    Helen O'Shaughnessy, Independent Police Review Authority
       Matthew M. Brown, Jackson Lewis P.C.
       Nicholas A. Simpson, Jackson Lewis P.C.

# EXHIBIT Q

| | |
|---|---|
| **From:** | Rocks, Patrick J. (Chicago) |
| **Sent:** | Friday, November 11, 2016 4:09 PM |
| **To:** | mdg@gillfirm.com; H. Candace Gorman; Shpigel, Elan (Chicago) |
| **Cc:** | OShaughnessy, Helen; Amador, Victoria (Chicago) |
| **Subject:** | FW: 972 Worksheet to HCG 11-11-2016 4844-9824-4156 v.1.xlsx |
| **Attachments:** | 972 Worksheet to HCG 11-11-2016 4844-9824-4156 v.1.xlsx; Rocks to Gorman 11-11-2016.pdf |

I am resending this and including Matthias on the email.


**Patrick J. Rocks**

Attorney at Law

**Jackson Lewis P.C.**

150 North Michigan Avenue

Suite 2500

Chicago, IL 60601

Direct: (312) 803-2555 | Main: (312) 787-4949

Patrick.Rocks@jacksonlewis.com  |  www.jacksonlewis.com

*Jackson Lewis P.C. is included in the 2016 rankings of the AmLaw 100 and Global 100 law firms.*


**From:** Rocks, Patrick J. (Chicago)
**Sent:** Friday, November 11, 2016 4:06 PM
**To:** 'H. Candace Gorman' <HCGorman@IGC.org>; Shpigel, Elan (Chicago) <Elan.Shpigel@jacksonlewis.com>
**Cc:** OShaughnessy, Helen <Helen.OShaughnessy@chicagopolice.org>; Amador, Victoria (Chicago) (Victoria.Amador@jacksonlewis.com) <Victoria.Amador@jacksonlewis.com>
**Subject:** 972 Worksheet to HCG 11-11-2016 4844-9824-4156 v.1.xlsx

Dear Candace:

Enclosed please find a letter dated today and the Excel worksheet referenced in IPRA's response memorandum that was filed in Young v. City of Chicago on November 9, 2016.

Pat Rocks



**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Tel 312 787-4949
Fax 312 787-4995
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI
GRAND RAPIDS, MI

GREENVILLE, SC
HARTFORD, CT
HONOLULU, HI*
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
KANSAS CITY REGION
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MADISON, WI
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN

MONMOUTH COUNTY, NJ
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI

RALEIGH, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SALT LAKE CITY, UT
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
ST. LOUIS, MO
STAMFORD, CT
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (312) 803-2555
MY EMAIL ADDRESS IS: PATRICK.ROCKS@JACKSONLEWIS.COM

November 11, 2016

H. Candace Gorman
Law Office of H. Candace Gorman
220 South Halsted Street
Suite 200
Chicago, Illinois 60661

Re:     Subpoena to Independent Police Review Authority
        in *Young v. City of Chicago*, 13 C 5651

Dear Ms. Gorman:

I am writing to follow up on a previous proposal we made on behalf of IPRA to address the disagreement between IPRA and Plaintiff whether the emails and attachments that resulted from the search terms IPRA used to capture records for further review are themselves responsive to Plaintiff's subpoena.

On October 4, 2016, we sent an Excel worksheet that included details for approximately 400 sample records derived from the search terms IPRA attorney Claudia Silva used when she submitted a search for records she intended to review for responsiveness and privilege. On October 10, 2016, we proposed that Plaintiff select a reasonable number of records from that worksheet for further discussion. We also proposed that after you identified records, we would inspect them for privilege and produce them if they were not privileged or present a privilege log if they were. This proposal was intended to give you an opportunity to assess our conclusion that the records at issue had no relation to the Young investigation and were not responsive to the subpoena. And, we believe this proposal addresses our concern that IPRA should not be required to review all non-responsive records for privilege.

With this letter, we are presenting a modified proposal for your consideration. Enclosed is a spreadsheet that reports all 972 records in the DTI Global system. We again invite you to



select a reasonable number of records from this set. We will review the selected items for privilege, produce non-privileged records and present a privilege log for those that we believe are privileged.

By producing the enclosed report and making this proposal, IPRA is expressly not waiving any of its objections to responsiveness, and is preserving all privileges, including attorney-client communication, work-product, and deliberative process. For example, the enclosed worksheet reports communications between IPRA and counsel representing the City in various capacities, including attorneys at Taft Stettinius & Hollister LLP and McGuire Woods LLP. The worksheet report also includes communications between City of Chicago attorneys and IPRA personnel regarding pending litigation. IPRA asserts that communications with its attorneys and City attorneys are privileged attorney-client communications and include attorney work product. There also are other privileged records in the records reported in the attached Excel worksheet, including records protected by the deliberative process privilege.

This proposal will direct our discussion regarding responsiveness and privilege to a reasonable subset of the records IPRA has determined are not responsive to the subpoena. But, the proposal depends on a reasonable, focused selection of sample records by Plaintiff. Thus, IPRA reserves the right to object if Plaintiff's selection of records for further review is unduly burdensome.

We believe this proposal, and our previous proposal, are consistent with the principles of proportionality and cooperation incorporated into e-discovery rules and guidelines. We also are optimistic that this proposal will resolve the impasse regarding non-responsive records and resolve Plaintiff's concerns that IPRA may be withholding responsive records.

Please consider this proposal and provide a response at your convenience.

Sincerely,

Patrick J. Rocks

PJR/va

CC: Helen O'Shaughnessy

| Control Number | Group Identifier | DateTime Primary Document | Custodian | Subject | To | From |
|---|---|---|---|---|---|---|
| IPRA000001 | IPRA000001 | 10/22/2013 12:16 | MISC | Re: 1056189 | Klava, Dewi <dewi.klava@iprachicago.org> | Muellenbach, Eric <eric.muellenbach@iprachicago.org> |
| IPRA000002 | IPRA000002 | 12/18/2015 11:54 | MISC | RE: FOIA 422 | Liss, Wendi <wendi.liss@iprachicago.org>; Thomas; Kelly <kelly.thomas@iprachicago.org> | De, Santanu <santanu.de@iprachicago.org> |
| IPRA000003 | IPRA000002 | 12/18/2015 12:52 | MISC | | | |
| IPRA000010 | IPRA000010 | 3/28/2016 17:09 | MISC | FW: FOIA 16-056-069 | Shah, Anish <Anish.Shah@iprachicago.org>; Liss, Wendi" <Wendi.Liss@iprachicago.org> | Hinkel, Daniel L. <dhinkel@chicagotribune.com> |
| IPRA000013 | IPRA000010 | 3/28/2016 22:09 | MISC | | | |
| IPRA000018 | IPRA000010 | 2/16/2016 16:50 | MISC | | | |
| IPRA003012 | IPRA000010 | 2/16/2016 15:41 | MISC | | | |
| IPRA003365 | IPRA003365 | 1/9/2013 13:32 | MISC | RE: Log 1056189 | Looby, Heather <heather.looby@iprachicago.org> | Amezaga, Alexis <alexis.amezaga@iprachicago.org> |
| IPRA003367 | IPRA003367 | 2/10/2016 12:15 | MISC | Zipped file | Shah; Anish <anish.shah@iprachicago.org> | De, Santanu <santanu.de@iprachicago.org> |
| IPRA003368 | IPRA003367 | 2/10/2016 9:58 | MISC | | | |
| IPRA006362 | IPRA003367 | 2/10/2016 13:00 | MISC | | | |
| IPRA007068 | IPRA007068 | 3/11/2016 9:10 | MISC | RE: FOIA questions | 'Lighty; Todd' <tlighty@chicagotribune.com> | Shah, Anish <anish.shah@iprachicago.org> |
| IPRA007070 | IPRA007068 | 3/11/2016 10:02 | MISC | | | |
| IPRA007169 | IPRA007169 | 4/21/2016 15:49 | MISC | FOIA 16-056-217 | 'chaclynhunt@gmail.com' <chaclynhunt@gmail.com> | Leonard, Shannon <shannon.leonard@iprachicago.org> |
| IPRA007170 | IPRA007169 | 4/21/2016 20:49 | MISC | | | |
| IPRA007172 | IPRA007169 | 4/21/2016 14:17 | MISC | | | |
| IPRA007280 | IPRA007280 | 2/16/2016 16:05 | MISC | Zip | De, Santanu <santanu.de@iprachicago.org> | Shah, Anish <anish.shah@iprachicago.org> |
| IPRA007281 | IPRA007280 | 2/16/2016 16:50 | MISC | | | |
| IPRA010275 | IPRA007280 | 2/16/2016 15:41 | MISC | | | |
| IPRA010628 | IPRA010628 | 2/1/2013 10:03 | MISC | Team Period Reports for January | bruce.dean@iprachicago.org <bruce.dean@iprachicago.org>; patrick.querfurth@iprachicago.org <patrick.querfurth@iprachicago.org>; maria.olvera@iprachicago.org <maria.olvera@iprachicago.org>; george.roberts@iprachicago.org <george.roberts@iprachicago.org>; lorenzo.davis@iprachicago.org <lorenzo.davis@iprachicago.org>; sherry.daun@iprachicago.org <sherry.daun@iprachicago.org>; alexis.amezaga@iprachicago.org <alexis.amezaga@iprachicago.org>; mark.hitt@iprachicago.org <mark.hitt@iprachicago.org>; steven.hirsch@iprachicago.org | De, Santanu <santanu.de@iprachicago.org> |

| Control Number | Title | Author | Is Parent | Record Type | File Extension | Relativity Image Count |
|---|---|---|---|---|---|---|
| IPRA0000001 | | | Yes | eMail | EML | 2 |
| IPRA0000002 | | | Yes | eMail | EML | 2 |
| IPRA0000003 | | UNISYS | No | eAttach | XLS | 6 |
| IPRA0000010 | | | Yes | eMail | EML | 3 |
| IPRA0000013 | | | No | eAttach | PDF | 5 |
| IPRA0000018 | | UNISYS | No | eAttach | XLS | 1702 |
| IPRA0003012 | | UNISYS | No | eAttach | XLS | 302 |
| IPRA0003365 | | | Yes | eMail | EML | 2 |
| IPRA0003367 | | | Yes | eMail | EML | 1 |
| IPRA0003368 | | | No | eAttach | XLS | 1702 |
| IPRA0006362 | | UNISYS | No | eAttach | XLS | 301 |
| IPRA0007068 | | | Yes | eMail | EML | 3 |
| IPRA0007070 | | UNISYS | No | eAttach | XLS | 62 |
| IPRA0007169 | | | Yes | eMail | EML | 1 |
| IPRA0007170 | | | No | eAttach | PDF | 2 |
| IPRA0007172 | | UNISYS | No | eAttach | XLS | 249 |
| IPRA0007280 | | | Yes | eMail | EML | 1 |
| IPRA0007281 | | UNISYS | No | eAttach | XLS | 1702 |
| IPRA0010275 | | UNISYS | No | eAttach | XLS | 302 |
| IPRA0010628 | | | Yes | eMail | EML | 1 |

| Control Number | Group Identifier | DateTime Primary Document | Custodian | Subject | To | From |
|---|---|---|---|---|---|---|
| IPRA010629 | IPRA010628 | 2/1/2013 16:03 | MISC | RE: OIG Audit of Officer-Involved Weapon Discharges: Phone Call | Request | Muellenbach; Eric <eric.muellenbach@iprachicago.org>; Hirsch; Steven <steven.hirsch@iprachicago.org> | De, Santanu <santanu.de@iprachicago.org> |
| IPRA010769 | IPRA010769 | 5/28/2015 12:59 | MISC | | | |
| IPRA010776 | IPRA010769 | 5/28/2015 12:56 | MISC | RE: Meeting tomorrow? | Liss, Wendi <wendi.liss@iprachicago.org> | Schaller, Rachel L. <rschaller@taftlaw.com> |
| IPRA011115 | IPRA011115 | 4/18/2016 16:26 | MISC | | | |
| IPRA011117 | IPRA011115 | 4/18/2016 16:26 | MISC | | | |
| IPRA011122 | IPRA011115 | 4/18/2016 16:26 | MISC | | | |
| IPRA011167 | IPRA011167 | 10/25/2013 13:14 | MISC | Work Completed During the Week of October 22 to October 25 | Klava, Dewi <dewi.klava@iprachicago.org> | Klava, Dewi <dewi.klava@iprachicago.org> |
| IPRA011171 | IPRA011171 | 4/21/2016 15:55 | MISC | FW: FOIA 16-056-217 | Liss; Wendi <wendi.liss@iprachicago.org> | Leonard, Shannon <shannon.leonard@iprachicago.org> |
| IPRA011172 | IPRA011171 | 4/21/2016 20:55 | MISC | | | |
| IPRA011174 | IPRA011171 | 4/21/2016 14:17 | MISC | | | |
| IPRA011282 | IPRA011282 | 5/5/2015 10:54 | MISC | Gorner FOIA | Ando, Scott <scott.ando@iprachicago.org>; Mitchell Steven <steven.mitchell@iprachicago.org>; Hirsch; Steven <steven.hirsch@iprachicago.org>; Merritt; Larry <larry.merritt@iprachicago.org> | Hong, Winkie.hong@iprachicago.org> |
| IPRA011283 | IPRA011282 | 5/5/2015 10:53 | MISC | | | |
| IPRA011306 | IPRA011282 | 5/5/2015 15:54 | MISC | | | |
| IPRA011310 | IPRA011310 | 1/29/2016 16:02 | MISC | Chief's Project... | Hayes; Shannon B. <shannon.hayes@iprachicago.org>; White; Lakenya N. <lakenya.white@iprachicago.org> | Thomas, Kelly <kelly.thomas@iprachicago.org> |
| IPRA011311 | IPRA011310 | 1/29/2016 16:55 | MISC | | | |
| IPRA015313 | IPRA015313 | 1/30/2016 20:03 | MISC | RE: Chief's Project... | Thomas; Kelly <kelly.thomas@iprachicago.org>; White; Lakenya N. <lakenya.white@iprachicago.org> | Hayes, Shannon B. <shannon.hayes@iprachicago.org> |
| IPRA015314 | IPRA015313 | 1/30/2016 20:57 | MISC | | | |
| IPRA019943 | IPRA019943 | 5/4/2016 10:25 | MISC | RE: Young, et al., 15 C 5651 / Request completed copy of Log_1056189 | 'Witchard; Calvon' <calvon.witchard@cityofchicago.org> | Trevino-Duffy, Norma S. <norma.trevino-duffy@chicagopolice.org> |
| IPRA019945 | IPRA019945 | 8/24/2012 16:17 | MISC | RE: 1056189 (U#) | Stoutenborough; Andrea G. <andrea.stoutenborough@iprachicago.org> | Hitt, Mark D. <mark.hitt@iprachicago.org> |
| IPRA019346 | IPRA019346 | 7/7/2016 12:10 | MISC | RE: Holmes v. Hernandez - subpoena to IPRA - info needed for response to motion | Silva, Claudia <Claudia.Silva@iprachicago.org> | Lewis, A.D. <A.D.Lewis@iprachicago.org> |
| IPRA019347 | IPRA019346 | 7/7/2016 12:10 | MISC | RE: Holmes v. Hernandez - subpoena to IPRA - info needed for response to motion | Silva, Claudia <Claudia.Silva@iprachicago.org> | Lewis, A.D. <A.D.Lewis@iprachicago.org> |
| IPRA019349 | IPRA019346 | 7/7/2016 0:03 | MISC | | | |
| IPRA019353 | IPRA019346 | 7/7/2016 12:07 | MISC | | | |

| Control Number | Title | Author | Is Parent | Record Type | File Extension | Relativity Image Count |
|---|---|---|---|---|---|---|
| IPRA010629 | Team Monthly Activity | | No | eAttach | PDF | 140 |
| IPRA010769 | | | Yes | eMail | EML | 12 |
| | | | | | | |
| IPRA010776 | | UNISYS | No | eAttach | XLS | 194 |
| IPRA011115 | | | Yes | eMail | EML | 2 |
| IPRA011117 | | | No | eAttach | XLS | 8 |
| IPRA011122 | | | No | eAttach | XLS | 38 |
| IPRA011167 | | | Yes | eMail | EML | 4 |
| | | | | | | |
| IPRA011171 | | | Yes | eMail | EML | 2 |
| | | | | | | |
| IPRA011172 | | | No | eAttach | PDF | 2 |
| IPRA011174 | | UNISYS | No | eAttach | XLS | 249 |
| IPRA011282 | | | Yes | eMail | EML | 1 |
| | | | | | | |
| IPRA011283 | | UNISYS | No | eAttach | XLS | 21 |
| IPRA011306 | 2-Dec-11 | UNISYS | No | eAttach | DOC | 4 |
| IPRA011310 | | | Yes | eMail | EML | 1 |
| | | | | | | |
| IPRA011311 | | UNISYS | No | eAttach | XLS | 5391 |
| IPRA015313 | | | Yes | eMail | EML | 2 |
| | | | | | | |
| IPRA015314 | | Shannon Hayes | No | eAttach | XLS | 5430 |
| IPRA019343 | | | Yes | eMail | EML | 2 |
| IPRA019345 | | | Yes | eMail | EML | 2 |
| IPRA019346 | | | Yes | eMail | EML | 1 |
| IPRA019347 | | | No | eAttach | EML | 3 |
| IPRA019349 | Search Incident | a.d.lewis | No | eAttach | PDF | 4 |
| IPRA019353 | | UNISYS | No | eAttach | XLS | 372 |

| Control Number | Group Identifier | DateTime Primary Document | Custodian | Subject | To | From |
|---|---|---|---|---|---|---|
| IPRA019646 | IPRA019646 | 10/25/2013 13:20 | MISC | Work Completed During the Week of October 22 to October 25 | Muellenbach; Eric <eric.muellenbach@iprachicago.org> | Klava, Dewi <dewi.klava@iprachicago.org> |
| IPRA019649 | IPRA019649 | 6/20/2016 9:56 | MISC | FW: OIS review - final step in case selection - ATTORNEY CLIENTPRIVILEGED AND CONFIDENTIAL | Sissac; Mia <mia.sissac@iprachicago.org> | Lewis, A.D. <a.d.lewis@iprachicago.org> |
| IPRA019652 | IPRA019649 | 6/20/2016 14:56 | MISC | | | |
| IPRA019668 | IPRA019668 | 2/8/2016 11:35 | MISC | ... | White; Lakenya N. <lakenya.white@iprachicago.org> | Thomas, Kelly <kelly.thomas@iprachicago.org> |
| IPRA019669 | IPRA019668 | 2/2/2016 10:33 | MISC | | | |
| IPRA020566 | IPRA019668 | 2/8/2016 12:30 | MISC | | | |
| IPRA020662 | IPRA020662 | 7/22/2014 13:54 | MISC | RE: | Muellenbach; Eric <eric.muellenbach@iprachicago.org>; Lerner; Elizabeth A. <elizabeth.lerner@iprachicago.org>; Amezaga; Alexis <alexis.amezaga@iprachicago.org> | De, Santanu <santanu.de@iprachicago.org> |
| IPRA020667 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA020757 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA020847 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA020848 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA020948 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA020970 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA020971 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA021049 | IPRA020662 | 7/22/2014 18:54 | MISC | | | |
| IPRA021062 | IPRA021062 | 3/10/2016 17:27 | MISC | FW: FOIA questions | Shah; Anish <anish.shah@iprachicago.org> | Liss, Wendi <wendi.liss@iprachicago.org> |
| IPRA021063 | IPRA021062 | 2/29/2016 11:24 | MISC | | | |
| IPRA021075 | IPRA021062 | 2/8/2016 11:52 | MISC | Face Sheet FOIA | FOIA.Officer <foia.officer@iprachicago.org> | Lighty, Todd <tlighty@chicagotribune.com> |
| IPRA021076 | IPRA021076 | 6/4/2015 12:48 | MISC | RE: Lashwanda Young, 13 C 5651 | 'Antonucci, White; Jill' <jill.antonucci_white@cityofchicago.org> | Moore, Laniya <laniya.moore@iprachicago.org> |
| IPRA021078 | IPRA021078 | 4/14/2016 9:02 | MISC | 16-5 Data Request | Moore; Laniya <laniya.moore@iprachicago.org> | Lewis, A.D. <a.d.lewis@iprachicago.org> |
| IPRA021079 | IPRA021078 | 4/12/2016 15:32 | MISC | | | |
| IPRA021133 | IPRA021133 | 2/2/2015 16:55 | MISC | FOIA.xls | Liss; Wendi <wendi.liss@iprachicago.org> | Clark, Tammy <tammy.clark@iprachicago.org> |
| IPRA021134 | IPRA021133 | 2/2/2015 17:51 | MISC | | | |
| IPRA021143 | IPRA021143 | 2/2/2015 14:29 | MISC | RE: FOIA Assistance | Clark; Tammy <tammy.clark@iprachicago.org> | Oliveri, Caterina <caterina.oliveri@chicagopolice.org> |
| IPRA021145 | IPRA021143 | 2/2/2015 15:26 | MISC | | | |
| IPRA021149 | IPRA021149 | 10/24/2013 15:35 | MISC | RE: Inquiry RE: Info Request for Log# 1056189 (Reference Young v.City, 13CV5651) | Klava, Dewi <dewi.klava@iprachicago.org>; Hitt; Mark D. <mark.hitt@iprachicago.org> | Looby, Heather <heather.looby@iprachicago.org> |
| IPRA021152 | IPRA021152 | 6/17/2016 15:24 | MISC | FOIA Request 16-056-312 | 'jnewman@chicagoreporter.com' <jnewman@chicagoreporter.com> | Leonard, Shannon <shannon.leonard@iprachicago.org> |

| Control Number | Title | Author | Is Parent | Record Type | File Extension | Relativity Image Count |
|---|---|---|---|---|---|---|
| IPRA019646 | | | Yes | eMail | EML | 4 |
| IPRA019649 | | | Yes | eMail | EML | 10 |
| IPRA019652 | | | No | eAttach | XLSX | 13 |
| IPRA019668 | | | Yes | eMail | EML | 1 |
| IPRA019669 | | UNISYS | No | eAttach | XLS | 898 |
| IPRA020566 | | UNISYS | No | eAttach | XLS | 79 |
| IPRA020662 | | | Yes | eMail | EML | 8 |
| IPRA020667 | | | No | eAttach | XLS | 39 |
| IPRA020757 | | | No | eAttach | XLS | 78 |
| IPRA020847 | | | No | eAttach | XLS | 1 |
| IPRA020848 | | | No | eAttach | XLS | 43 |
| IPRA020948 | | | No | eAttach | XLS | 10 |
| IPRA020970 | | | No | eAttach | XLS | 1 |
| IPRA020971 | | | No | eAttach | XLS | 66 |
| IPRA021049 | | | No | eAttach | XLS | 11 |
| IPRA021062 | | | Yes | eMail | EML | 2 |
| IPRA021063 | | UNISYS | No | eAttach | XLS | 10 |
| IPRA021075 | | | No | eAttach | EML | 2 |
| IPRA021076 | | | Yes | eMail | EML | 2 |
| IPRA021078 | | | Yes | eMail | EML | 1 |
| IPRA021079 | | UNISYS | No | eAttach | XLS | 174 |
| IPRA021133 | | | Yes | eMail | EML | 1 |
| IPRA021134 | | UNISYS | No | eAttach | XLS | 7 |
| IPRA021143 | | | Yes | eMail | EML | 2 |
| IPRA021145 | | UNISYS | No | eAttach | XLS | 2 |
| IPRA021149 | | | Yes | eMail | EML | 4 |
| IPRA021152 | | | Yes | eMail | EML | 1 |

| Control Number | Group Identifier | DateTime Primary Document | Custodian | Subject | To | From |
|---|---|---|---|---|---|---|
| IPRA021153 | IPRA021152 | 6/17/2016 11:57 | MISC | | | |
| IPRA021155 | IPRA021152 | 6/17/2016 11:34 | MISC | | | |
| IPRA021252 | IPRA021152 | 6/17/2016 11:34 | MISC | | | |
| IPRA021494 | IPRA021494 | 1/9/2013 13:38 | MISC | RE: Log 1056189 | Amezaga, Alexis <alexis.amezaga@iprachicago.org> | Looby, Heather <heather.looby@iprachicago.org> |
| IPRA021496 | IPRA021496 | 2/1/2013 10:28 | MISC | Investigation aging (days old) reports | elizabeth.lerner@iprachicago.org <elizabeth.lerner@iprachicago.org>; andrea.stoutenborough@iprachicago.org <andrea.stoutenborough@iprachicago.org>; ilana.rosenzweig@iprachicago.org <ilana.rosenzweig@iprachicago.org>; katherine.martinez@iprachicago.org <katherine.martinez@iprachicago.org>; william.weeden@iprachicago.org <william.weeden@iprachicago.org>; eric.muellenbach@iprachicago.org <eric.muellenbach@iprachicago.org>; scott.ando@iprachicago.org <scott.ando@iprachicago.org>; larry.merritt@iprachicago.org <larry.merritt@iprachicago.org>; bruce.dean@iprachicago.org <bruce.dean@iprachicago.org>; maria.olvera@iprachicago.org <maria.olvera@iprachicago.org>; patrick.querfurth@iprachicago.org <patrick.querfurth@iprachicago.org>; george.roberts@iprachicago.org <george.roberts@iprachicago.org>; lorenzo.davis@iprachicago.org <lorenzo.davis@iprachicago.org>; sherry.daun@iprachicago.org <sherry.daun@iprachicago.org>; alexis.amezaga@iprachicago.org <alexis.amezaga@iprachicago.org>; | De, Santanu <santanu.de@iprachicago.org> |
| IPRA021497 | IPRA021496 | 2/1/2013 11:21 | MISC | | | |
| IPRA021501 | IPRA021496 | 2/1/2013 11:25 | MISC | | | |
| IPRA021531 | IPRA021531 | 1/27/2015 15:13 | MISC | FW: Gaynor Hall Patterson FOIA request 15-056-020 | Merritt, Larry <larry.merritt@iprachicago.org> | De, Santanu <santanu.de@iprachicago.org> |
| IPRA021532 | IPRA021531 | 1/27/2015 16:10 | MISC | | | |

| Control Number | Title | Author | Is Parent | Record Type | File Extension | Relativity Image Count |
|---|---|---|---|---|---|---|
| IPRA021153 | | | No | eAttach | PDF | 2 |
| IPRA021155 | | UNISYS | No | eAttach | XLS | 158 |
| IPRA021252 | | UNISYS | No | eAttach | XLS | 222 |
| IPRA021494 | | | Yes | eMail | EML | 3 |
| IPRA021496 | | | Yes | eMail | EML | 1 |
| IPRA021497 | | UNISYS | No | eAttach | XLS | 1 |
| IPRA021501 | | UNISYS | No | eAttach | XLS | 26 |
| IPRA021531 | | | Yes | eMail | EML | 2 |
| IPRA021532 | | UNISYS | No | eAttach | XLS | 8 |

| Control Number | Group Identifier | DateTime Primary Document | Custodian | Subject | To | From |
|---|---|---|---|---|---|---|
| IPRA021541 | IPRA021541 | 3/1/2013 14:34 | MISC | RE: | Olvera; Maria E. <maria.olvera@iprachicago.org>; Hirsch; Steven <steven.hirsch@iprachicago.org> | De, Santanu <santanu.de@iprachicago.org> |
| IPRA021542 | IPRA021541 | 3/1/2013 20:34 | MISC | | | |
| IPRA021689 | IPRA021541 | 3/1/2013 20:34 | MISC | | | |
| IPRA021731 | IPRA021731 | 2/3/2014 10:36 | MISC | Team Period Reports for January | bruce.dean@iprachicago.org <bruce.dean@iprachicago.org>; maria.olvera@iprachicago.org <maria.olvera@iprachicago.org>; patrick.querfurth@iprachicago.org <patrick.querfurth@iprachicago.org>; george.roberts@iprachicago.org <george.roberts@iprachicago.org>; lorenzo.davis@iprachicago.org <lorenzo.davis@iprachicago.org>; sherry.daun@iprachicago.org <sherry.daun@iprachicago.org>; alexis.amezaga@iprachicago.org <alexis.amezaga@iprachicago.org>; mark.hitt@iprachicago.org <mark.hitt@iprachicago.org>; steven.hirsch@iprachicago.org <steven.hirsch@iprachicago.org>; david.marzullo@iprachicago.org <david.marzullo@iprachicago.org>; joshua.hunt@iprachicago.org <joshua.hunt@iprachicago.org>; anthony.finnell@iprachicago.org | De, Santanu <santanu.de@iprachicago.org> |
| IPRA021732 | IPRA021731 | 2/3/2014 16:36 | MISC | | | |
| IPRA021842 | IPRA021842 | 1/15/2016 11:45 | MISC | FOIA Rquest 15-056-425 | 'Lighty; Todd' <tlighty@chicagotribune.com> | Leonard, Shannon <shannon.leonard@iprachicago.org> |
| IPRA021843 | IPRA021842 | 1/15/2016 17:45 | MISC | | | |
| IPRA021846 | IPRA021842 | 1/15/2016 10:40 | MISC | | | |
| IPRA021882 | IPRA021842 | 1/15/2016 10:01 | MISC | | | |
| IPRA021924 | IPRA021924 | 11/1/2012 10:40 | MISC | Undeliverable: Investigation age (days old) reports | De, Santanu <Santanu.De@iprachicago.org> | Microsoft Exchange <microsoftexchange329e71ec88ae4615bbc36ab6ce41109e@chicagopolice.local> |
| IPRA021925 | IPRA021924 | 11/1/2012 15:40 | MISC | | | |
| IPRA021926 | IPRA021924 | 11/1/2012 10:40 | MISC | Investigation age (days old) reports | IPRA-Supervisors <IPRA-Supervisors@chicagopolice.org>; IPRA-Administration <IPRA-Administration@chicagopolice.org> | De, Santanu <Santanu.De@iprachicago.org> |
| IPRA021927 | IPRA021924 | 11/1/2012 10:15 | MISC | | | |

| Control Number | Title | Author | Is Parent | Record Type | File Extension | Relativity Image Count |
|---|---|---|---|---|---|---|
| IPRA021541 | | | Yes | eMail | EML | 2 |
| IPRA021542 | Team Monthly Activity | | No | eAttach | PDF | 147 |
| IPRA021689 | Team Monthly Activity | | No | eAttach | PDF | 42 |
| IPRA021731 | | | Yes | eMail | EML | 1 |
| IPRA021732 | Team Monthly Activity | | No | eAttach | PDF | 110 |
| IPRA021842 | | | Yes | eMail | EML | 1 |
| IPRA021843 | | | No | eAttach | PDF | 3 |
| IPRA021846 | | UNISYS | No | eAttach | XLS | 31 |
| IPRA021882 | | UNISYS | No | eAttach | XLS | 36 |
| IPRA021924 | | | Yes | eMail | EML | 2 |
| IPRA021925 | | | No | eAttach | DAT | 1 |
| IPRA021926 | | | No | eAttach | EML | 1 |
| IPRA021927 | | UNISYS | No | eAttach | XLS | 1 |

# EXHIBIT R

| | |
|---|---|
| **From:** | Rocks, Patrick J. (Chicago) |
| **Sent:** | Thursday, December 08, 2016 4:43 PM |
| **To:** | H. Candace Gorman; mdg@gillfirm.com |
| **Cc:** | Brown, Matthew M. (Chicago); Amador, Victoria (Chicago) |
| **Subject:** | Young v. City of Chicago, 13 C 5651 |
| **Attachments:** | Rocks to Gorman 12.08.16.pdf |

Dear Ms. Gorman and Mr. Gill:

We are forwarding with the enclosed letter three records from IPRA, and two signatures from former IPRA employees acknowledging the litigation hold notices that were sent to them.

Sincerely,

Patrick Rocks

**Patrick J. Rocks**
Attorney at Law
**Jackson Lewis P.C.**
150 North Michigan Avenue
Suite 2500
Chicago, IL 60601
Direct: (312) 803-2555 | Main: (312) 787-4949
Patrick.Rocks@jacksonlewis.com  |  www.jacksonlewis.com
*Jackson Lewis P.C. is included in the 2016 rankings of the AmLaw 100 and Global 100 law firms.*



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illinois 60601
Tel 312 787-4949
Fax 312 787-4995
www.jacksonlewis.com

ALBANY, NY
ALBUQUERQUE, NM
ATLANTA, GA
AUSTIN, TX
BALTIMORE, MD
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CINCINNATI, OH
CLEVELAND, OH
DALLAS, TX
DAYTON, OH
DENVER, CO
DETROIT, MI
GRAND RAPIDS, MI

GREENVILLE, SC
HARTFORD, CT
HONOLULU, HI*
HOUSTON, TX
INDIANAPOLIS, IN
JACKSONVILLE, FL
KANSAS CITY REGION
LAS VEGAS, NV
LONG ISLAND, NY
LOS ANGELES, CA
MADISON, WI
MEMPHIS, TN
MIAMI, FL
MILWAUKEE, WI
MINNEAPOLIS, MN

MONMOUTH COUNTY, NJ
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
NORFOLK, VA
OMAHA, NE
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA
PORTLAND, OR
PORTSMOUTH, NH
PROVIDENCE, RI

RALEIGH, NC
RAPID CITY, SD
RICHMOND, VA
SACRAMENTO, CA
SALT LAKE CITY, UT
SAN DIEGO, CA
SAN FRANCISCO, CA
SAN JUAN, PR
SEATTLE, WA
ST. LOUIS, MO
STAMFORD, CT
TAMPA, FL
WASHINGTON, DC REGION
WHITE PLAINS, NY

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: (312) 803-2555
MY EMAIL ADDRESS IS: PATRICK.ROCKS@JACKSONLEWIS.COM

December 8, 2016

**VIA U.S. MAIL AND EMAIL**

H. Candace Gorman
Law Office of H. Candace Gorman
220 South Halsted Street
Suite 200
Chicago, Illinois 60661

Re:   *Young v. City of Chicago*, 13 C 5651

Dear Ms. Gorman:

IPRA has continued its search for records that may be responsive to the subpoena Plaintiff issued to IPRA in this matter. IPRA, therefore, supplements its prior responses with the following records: (1) emails dated August 14, 2012 and December 5, 2012 that refer to Log#1056189 (marked as IPRA_0001421 to 1423); and, (2) an unsigned copy of a memorandum from Daniel Kobel dated August 10, 2012 (marked as IPRA_0001424). The signed copy of the Kobel memo previously was produced as IPRA_0000230; it is Attachment #11 to IPRA Log#1056189.

Also enclosed are signatures from former IPRA employees George Roberts and Andrea Stoutenborough acknowledging the litigation holds IPRA sent to them.

Sincerely,

Patrick J. Rocks

PJR/va

Enclosures

cc:   Helen O'Shaughnessy, Independent Police Review Authority
      Matthias D. Gill, The Gill Law Firm
      Matthew M. Brown, Jackson Lewis P.C.