**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LaShawnda Young, )<br>Independent Administrator for the estate )<br>Of Divonte Young )<br>Plaintiff, )<br> )<br>   v. )<br> )<br>CITY OF CHICAGO, et. al. )<br> )<br> )<br>Defendants. | No. 13 CV 5651<br><br>Hon. Joan B. Gottschall. |

**PLAINTIFF'S SUR REPLY**

NOW COMES Plaintiff LaShawnda Young, Independent Administrator for the estate of Divonte Young, by and through her attorney, H. Candace Gorman and Matthias D. Gill, and in this Sur Reply states as follows:

**I. BACKGROUND**

IPRA, in its sur response, raised what it described as three issues: (1) "resolution of issues IPRA previously understood were contested," but which IPRA now wrongly concluded are not contested; (2) facts contained in Plaintiffs Reply which IPRA mistakenly describes as "inaccurate information"; and, (3) its argument that issues that Plaintiff replied to raised "new arguments" when Plaintiff merely provided new persuasive authority. Although IPRA has done its best to confuse the issues in its sur response, it fails on all fronts and as shown below, IPRA's arguments are without merit.

## A. PLAINTIFF HAS ALWAYS SOUGHT THE *ENTIRE* INVESTIGATION

Shortly before Plaintiff filed her amended Rule to Show Cause (Doc. 149) IPRA raised a new argument and attempted to narrow the scope of Plaintiff's subpoena by claiming that Plaintiff could only receive documents up to the date that IPRA claims to have officially closed its file, (despite the fact that numerous documents were generated after that point in time). Plaintiff has vigorously opposed that contention by arguing both that IPRA has waived the argument and that the subpoena is clear on its face. Perhaps because Plaintiff dealt with this argument in short order IPRA incorrectly thought that despite the clear language of Plaintiff's rather terse Reply (on that issue) that somehow Plaintiff was conceding that the scope of the subpoena was limited. Plaintiff wants to make clear that IPRAs claim that Plaintiff has ceased to contest the time frame issue of the Subpoena is specious. Plaintiff has made no such concession and Plaintiff continues to seek all documents that are in anyway related to the death of Divonte Young, no matter what date is on the actual document(s). (Reply brief at pg. 2, Sec. 1 A)

## A. PLAINTIFF DID NOT PROVIDE INACCURATE INFORMATION

According to IPRA a Sur Response was also warranted because in one place in the briefing Plaintiff described the Rule to Show Cause as having been filed on August 15th rather than on the correct date of September 15, 2016.  Plaintiff hereby corrects that error and states the correct chronology as follows: Plaintiff served the subpoena on IPRA on May 6, 2016. (Doc. 131-2) Plaintiff filed a Motion to Enforce the Subpoena on June 3, 2016. (Doc. 131) On June 29, 2016 Plaintiff asked this Court to Order a compliance date for IPRA to respond to the Subpoena. (Doc. 138) On September 15, 2016 Plaintiff filed the rule to show

cause. (Doc. 143) Following lengthy and futile negotiations with IPRA Plaintiff filed her Amended Rule to Show Cause on October 26, 2016. (Doc. 149) It has now been *over seven months* since the subpoena was served and IPRA continues to stall and challenge Plaintiff's right to the entire collection of related documents.

IPRA also claims that Plaintiff has misstated the record by stating that IPRA withheld documents on a large scale. According to IPRA only five (5) documents were withheld as privileged. However, IPRA has withheld more than 90 percent of the 972 emails and, as discussed in the Plaintiff's reply brief, IPRA continues to leave open the right to assert a privileged for any of the withheld emails that they have apparently still not reviewed. IPRA wants Plaintiff to pick a sample of the emails and if IPRA determines that the requested email is not privileged then, and only then, will IPRA provide the email. This is despite the fact that earlier on IPRA had agreed that it would tender all of the emails to counsel if an agreement could not be reached. (Doc. 149, Pg. 5) Apparently, after making the promise that Plaintiff could review *all emails*, if not convinced that the sample emails are not relevant, IPRA discovered documents within the emails that it did not want Plaintiff to examine and IPRA reneged on that promise.

Once again IPRA is out of luck- they waived any privilege by not properly responding to discovery and/or the Subpoena and IPRA's new (and confusing) spin on how it would like to *not comply* with the subpoena does not change the Plaintiff's position. Although IPRA spent an inordinate amount of time in its Sur Response trying to confuse and distract from the core arguments by the Plaintiff the fact remains that IPRA failed to comply with discovery and IPRA is seven months behind in responding to Plaintiff's subpoena. IPRA's

objections are too little and too late. To be clear, Plaintiff's complaint alleges misconduct on behalf of the city directly relating to IPRAs conduct of covering up for police misconduct and these emails and other documents that Plaintiff seeks will allow Plaintiff to look into the "guts" of IPRA and see exactly how this public agency has operated in regards to the death of Divonte Young.

Finally, IPRA claims that it cannot provide "litigation hold" documents despite its promise to Plaintiff to provide such documents. This promise was made during the negotiations between IPRA and Plaintiff after the initial Rule to Show Cause was filed. If, in fact, IPRA made a promise to Plaintiff that it knew it could not perform and if, in fact, IPRA is powerless to provide the litigation hold documents that it promised Plaintiff from its former employees, then IPRA should be required to provide, with sufficient particularity, the names and contact information for each former employee who refuses to provide either a signed "litigation hold" *and/or* copies of all documents in their possession, so that Plaintiff can subpoena those individuals directly.

## B. THERE ARE NO NEW ARGUMENTS

As mentioned in section A above, Plaintiff has always maintained that the subpoena was seeking everything regarding the investigation into the death of Divonte Young. In addition to withholding documents and emails that IPRA claims are not "relevant" IPRA has withheld numerous documents on the basis of privilege- a claim IPRA first raised after this Court granted Plaintiff's motion to enforce the subpoena (Doc. 133) and again raised in its response brief. (Doc. 156 pg. 10) Plaintiff has challenged the assertion of the privilege (and relevance) in her Rule to Show Cause and in her Reply Brief. The fact that Plaintiff cites

to a new district court decision in her reply brief (a decision which is "on all fours" with Plaintiff's arguments) does not turn her argument that IPRA's claim of privilege is without merit, into a "new" argument. The fact remains that IPRA, in it's response brief, asserted that it was withholding documents on the basis of privilege and provided the affidavit of its chief administrator to bolster its claim of privilege. (Doc. 156.1, pg. 66) Plaintiff continues to challenge the privilege(s) asserted by IPRA and seeks all documents that in anyway relate to this investigation. Plaintiff stands on her arguments raised at section II, pages 6-13 (Doc. 161) of her Reply Brief regarding the privilege(s) and asks this Court to order IPRA to fully comply with the subpoena by providing all documents that IPRA has withheld on any basis, including the assertions of privilege and relevance.

## III. CONCLUSION

As explained in her reply brief Plaintiff has spent an inordinate amount of time seeking compliance with discovery and the subpoena in order to ensure that she has all of the pertinent documents relating to this investigation. This discovery should have been tendered by the City years ago, and the ongoing "piecemeal" production from IPRA (which has continued up to the time of IPRA's sur response) has literally spanned years, is evidence that the City has not complied with discovery or the subpoena and confirms that IPRA's conduct has been deliberate and willful.

Wherefore, as sought in Plaintiff's motion for Rule to Show Cause, Reply brief, and herein, Plaintiff asks this Court to find that IPRA is in direct contempt of this Court's orders and to order the following relief: that IPRA is required to immediately make available, directly to Plaintiff's counsel, each and every document relating to the investigation of the

5

incident that occurred on August 9, 2012 that resulted in the death of Divonte Young; to order IPRA to tender signed "litigation hold" documents insuring that every individual who worked on this investigation (including the investigator who worked on the initial report) has conducted a diligent search for documents and has tendered all documents (or, tender complete contact information for those former employees who refuse to sign the litigation hold); and, finally, to order IPRA to pay Counsel's fees as a sanction for IPRA's contumacious conduct and for such other and further relief as this Court deems just.

Respectfully Submitted,

 /s/H. Candace Gorman
Attorney for Plaintiff

/s/ Matthias D. Gill
Attorney for Plaintiff

H. Candace Gorman
Law office of H. Candace Gorman
220 S. Halsted
Suite 200
Chicago Illinois 60661
312-427-2313

Matthias D. Gill
Illinois ARDC# 6282953
The Gill Law Firm, PC
1820 Ridge Road, Suite 216
Homewood, Illinois 60430
(708) 816-8080
mgill@gillfirm.com