UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
<u>EASTERN DIVISION</u>

| | |
|---|---|
| LaShawnda Young, )<br>Independent Administrator for the estate )<br>Of Divonte Young )<br>Plaintiff, )<br> )<br>   v. )<br> )<br> )<br>CITY OF CHICAGO, et. al. )<br> )<br> )<br>Defendants. | <br><br><br><br><br><br>No. 13 CV 5651<br><br>Hon. Joan B. Gottschall. |

**PLAINTIFF'S SUR RESPONSE**

NOW COMES Plaintiff LaShawnda Young, Independent Administrator for the estate of Divonte Young, by and through her attorney, H. Candace Gorman and Matthias D. Gill, and in this Sur Response states as follows:

**I.   BACKGROUND**

The City's Reply Brief takes two main positions:  1- that Plaintiff received nothing of value as a result of the IPRA subpoena; and 2- that Plaintiff's counsel acted "intransigent" in conducting discovery.  The second prong will not be discussed herein as the history of briefing on this issue clearly shows that plaintiff's counsel conducted discovery in a professional manner and was not intransigent.

However, the City repeatedly counters in its Reply that the many thousands of pages that IPRA produced were neither relevant nor should have been discoverable.  The City contends that nothing useful at all was gleaned from IPRA's

response to the subpoena. From Plaintiff's perspective, this is not only inaccurate but, as shown below, events since the filing of her response brief bring into question whether the City has in fact deleted documents related to this investigation.

**II. ARGUMENT**

In her response to the City's Motion to Reconsider, Plaintiff brought to this Court's attention the fact that within the important documents tendered by IPRA pursuant to the subpoena was a report generated from the City's database program showing deletions in the City's computer program related to the Divonte Young investigation. (Doc. 214. Pg. 8, ftnt. 6) At the time of filing the Response Brief Plaintiff had been waiting more than two months for IPRA's attorney Rocks to get back to Plaintiff's counsel regarding his investigation into the report tendered that showed the deletion of six entries from IPRA's investigation. (Ex. A, pg. 2) Shortly after Plaintiff filed her response brief IPRA's attorney Rocks finally responded to Plaintiff's questions regarding the deletions in a letter sent to Plaintiff's attorney on March 24, 2017.[1] (Ex. B) The letter included 70 pages of documents primarily relating to the CLEAR database and documents put together by the City for a spreadsheet (but without sending the actual Excel spreadsheet) related to the outstanding issue.

Although the City completely ignored the issue of the deleted documents in its Reply to the Motion to Reconsider, the documents and letter sent by Mr. Rocks on March 24th raised more questions than answers about the deletion of the six entries

---

[1] Plaintiff response brief was filed on March 20, 2017. (Doc. 214)

2

in the CLEAR system. Amongst the questions raised by the March 24th letter was the issue of who could make the deletions from the CLEAR database and what could be deleted. Rocks' letter made it clear that IPRA does in fact have the authority to delete entries that included attachments and we know from the IPRA report that six entries related to this investigation were deleted. What we do not know for sure is whether attachments were deleted when those entries were deleted.

On April 3, 2017 counsel for the Plaintiff followed up on the March 24th letter with a detailed letter seeking more information regarding the CLEAR system based on the information provided in Rocks March 24th letter. (Ex. C) On April 7, 2017 IPRA's attorney Rocks responded to Plaintiff's counsel's letter and although he now provided the Excel spreadsheet referred to in his March 24th 2017 letter, the City refused to provide answers to most of the other questions raised by Plaintiff's counsel after reviewing the March 24th letter. (Ex. D)

With the April 7, 2017 letter the City has now moved into shell game mode- claiming that IPRA is unable to provide the information related to questions surrounding the deletion of the six entries and that those questions can only be answered by the City. Notwithstanding that IPRA is part of the City, the City takes the position that even though IPRA is a part of the City it will not provide answers to the questions raised in response to the March 24th letter because those questions are beyond the scope of the issues before this Court.

Two things are very clear from attorney Rocks' March 24th and April 7th letters: first, information related to this investigation has been deleted from the

3

database by individuals from IPRA (and perhaps also the City) who had access to the CLEAR system; and second, the City does not want Plaintiff to delve into these issues while this Court is considering its Motion to Reconsider. Clearly the issue of document destruction of IPRA investigative materials falls squarely under the scope of the subpoena and the related issues that caused Plaintiff to file the Amended Rule to Show Cause.

The integrity of the IPRA investigation, as well as IPRA patterns and practices, are critical issues in this case. The Amended Rule was filed because of the obstinacy on the part of the City to provide the complete IPRA file. Now, it appears that the complete file *may never* be produced because some documents have been deleted.

Although Mr. Rocks has speculated about the deleted materials in his letter, Plaintiff takes those speculations with a grain of salt. Clearly the City wants to put the best spin it can on materials that have been deleted. Similarly to the documents tendered pursuant to the Subpoena and Rule to Show Cause, the City downplays the importance of the documents. IPRA's counsel claims in its April 7th letter that the deleted material cannot be obtained through archival or backup processes. Plaintiff is surprised that the City claims it does not have archived or otherwise backed up data in the CLEAR system that would be able to answer these questions.

## CONCLUSION

Plaintiff intends to follow through with Rule 37.2 discussions with counsel for IPRA in advance of taking further action on the issues of these deleted electronic entries or files in the City's CLEAR system. However, Plaintiff has attempted to demonstrate in this Sur Response that the City's assertion that nothing relevant was produced in connection with the IPRA subpoena is not accurate.

Otherwise, the lack of discussion and investigation in those documents produced that are connected to the shooting of Divonte Young is relevant to Plaintiff's allegations that the City had a pattern and practice of failing to investigate and protect the public, including Divonte Young, from unconstitutional officer-involved shootings.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order Denying Defendant, City of Chicago's, Motion to Reconsider.

Respectfully Submitted,

/s/ H. Candace Gorman
Attorney for Plaintiff

/s/ Matthias D. Gill
Attorney for Plaintiff

H. Candace Gorman
Law office of H. Candace Gorman
220 S. Halsted
Suite 200
Chicago Illinois 60661
312-427-2313

Matthias D. Gill
Illinois ARDC# 6282953
The Gill Law Firm, PC
1820 Ridge Road, Suite 216
Homewood, Illinois 60430
(708) 816-8080
mgill@gillfirm.com