IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| LaSHAWNDA YOUNG, | ) | |
| | ) | Case. No. 13 C 5651 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Hon. Joan B. Gottschall |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING THE
ORDER OF QUESTIONING AT THE DEPOSITION OF THEOPOLIS COLLINS**

Plaintiff LaShawnda Young, by her undersigned attorneys, respectfully moves this Court for entry of an order establishing the order in which counsel shall question third party witness Theopolis Collins at his deposition and providing that Plaintiff's counsel may conduct the direct examination of Mr. Collins. In support, Plaintiff states:

1. A dispute has arisen between the parties concerning the order in which counsel shall be permitted to question Theopolis Collins, a third party eyewitness to the shooting of Divonte Young. Each side believes it should have the opportunity to question Mr. Collins first. Counsel have exchanged emails regarding this issue and, despite their best good faith efforts, have been unable to resolve this dispute. *See* Local Rule 37.2.

2. Plaintiff has caused Mr. Collins to be served personally with a deposition subpoena, a copy of which is attached as Ex. A. The defendants attempted to serve a deposition subpoena on Mr. Collins by leaving a copy with a person they found at Mr.

Collins's home.  *See* Ex. B to the Defendants' Motion for Rule to Show Cause.  Doc. No. 269.

3. As the court is aware, there have been difficulties in securing Mr. Collins's cooperation in the discovery process.  Plaintiff's counsel have recently been in touch with Mr. Collins and have received his assurance that he will appear for a deposition in the case.  Nonetheless, Plaintiff's counsel, in the exercise of reasonable prudence, are concerned that they may encounter difficulty in securing Mr. Collins's attendance at the trial.

4. Mr. Collins is unquestionably an important witness in this case.  He is the only known independent eyewitness to the actual shooting of Mr. Young.  Based on the affidavit he provided to Plaintiff's counsel, Plaintiff believes that she will call him as a witness in Plaintiff's case-in-chief.

5. In light of Mr. Collins's importance to Plaintiff's case and the reasonable concern about Mr. Collins's future availability for trial, Plaintiff should be afforded the opportunity to preserve Mr. Collins's testimony via an orderly direct examination.  The defendants will not be prejudiced by this procedure and will have the opportunity to cross examine Mr. Collins following Plaintiff's direct.

6. Plaintiff has spearheaded the arrangements for this deposition.  Plaintiff has undertaken the expense and effort of locating and remonstrating with Mr. Collins to secure his attendance at the upcoming deposition.  In fairness, therefore, Plaintiff should have the opportunity to question Mr. Collins first.

WHEREFORE, Plaintiff LaShawnda Young respectfully requests this Court to enter an order providing that Plaintiff may conduct the first (direct) examination of third party witness Theopolis Collins during his upcoming deposition.

                          Respectfully submitted,

                          **LASHAWNDA YOUNG**

                          By: /s/ Locke E. Bowman
                                One of her attorneys

H. Candace Gorman
Law Office of H. Candace Gorman
220 S. Halsted Street
Suite 200
Chicago, IL 60661
312.427.2313

Locke E. Bowman
Roderick and Solange MacArthur Justice Center
Northwestern University Pritzker School of Law
357 E. Chicago Ave.
Chicago, IL 60611
312.503.0844

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he electronically filed the foregoing document using the Court's CM/ECF system, which automatically served copies upon all parties listed on the attached Service List on Friday, March 2, 2018.

                                                             /s/ Locke E. Bowman
                                                             Locke E. Bowman